[No. S064081. Aug. 5, 1999.]

THE PEOPLE, Plaintiff and Respondent, v.
BINH PHOUC NGUYEN, Defendant and Appellant.

**COUNSEL**

Louis Marinus Wijsen, under appointment by the Supreme Court, for Defendant and Appellant.

Daniel E. Lungren and Bill Lockyer, Attorneys General, George Williamson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Joan Killeen and Raymond A. Cardozo, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**KENNARD, J.**—The "Three Strikes and You're Out Law" (Pen. Code, §§ 667, subds. (b)-(i), 1170.12, hereafter the Three Strikes law)[1] provides that, for defendants with one prior qualifying conviction (generally referred to as "two strike" defendants), "the determinate term . . . shall be twice the term otherwise provided as punishment for the current felony conviction."

[1]Unless otherwise stated, all further statutory references are to the Penal Code.

(§§ 667, subd. (e)(1), 1170.12, subd. (c)(1).) At issue here is the proper method of calculating consecutive determinate terms under this provision for two strike defendants convicted of multiple offenses. More specifically, the question is whether the consecutive determinate term to be doubled is one-third of the middle term or a full term (either the lower, middle, or upper). Stated differently, the issue is whether the two strike sentencing provision incorporates the principal term/subordinate term methodology of section 1170.1, one of the central provisions of the determinate sentencing law. Consistent with published Court of Appeal decisions, we conclude that for second strike defendants the consecutive determinate term to be doubled ordinarily is one-third of the middle term.

I

The circumstances of the crimes defendant committed are not at issue here. In brief, defendant and his accomplices committed a residential robbery during which they abducted one of the residents and drove her to an automated teller machine where they were observed by alert police officers. During the ensuing pursuit, defendant at one point drove off in a patrol car that had been left briefly unattended.

A jury convicted defendant of eight felony counts, consisting of four counts of first degree robbery (§§ 211, 212.5, subd. (a)) and one count each of kidnapping for robbery (§ 209, subd. (b)), taking or driving a motor vehicle (Veh. Code, § 10851, subd. (a)), gun possession by a convicted felon (§ 12021, subd. (a)(1)), and reckless driving while fleeing a police officer (Veh. Code, §§ 2800.1, 2800.2). The jury also convicted defendant of two misdemeanor offenses and found true various enhancement allegations. Defendant waived jury trial on the prior conviction allegations, which were bifurcated and tried to the court. The court found the allegations true and determined that defendant had one prior conviction that qualified as a strike under the Three Strikes law.

At sentencing, the court imposed a sentence of life plus 46 years and 4 months. Apart from the indeterminate life term imposed for the offense of kidnapping for robbery, the trial court imposed consecutive determinate terms for five of the seven felony counts. In doing so, the court used the principal term/subordinate term methodology of section 1170.1. On one robbery count, the court imposed a 22-year term (designated the principal term). For each of the remaining four counts, the court imposed terms (designated subordinate terms) by doubling one-third of the middle term for each offense.

On defendant's appeal, the Court of Appeal reversed and remanded for resentencing. The Court of Appeal reduced one robbery conviction from first

to second degree, struck one enhancement finding, directed the trial court to stay the terms imposed for three counts under the multiple punishment prohibition of section 654, and directed the court to recalculate the consecutive determinate terms by doubling a full term (either the lower, middle, or upper term) for each count rather than by doubling one-third of the middle term.

The Court of Appeal gave this explanation for its conclusion on this point: "The trial court's errors were its imposition of consecutive one-third the midterm sentences for several counts. The court imposed consecutive terms of one-third of the doubled midterm . . . . Penal Code section 1170.12 does not authorize such sentencing. Instead, it sets forth an entirely new and separate sentencing scheme which is not based on or derived from the sentencing scheme described in Penal Code section 1170. This new sentencing scheme does not distinguish between principal and subordinate terms. All of the terms imposed under Penal Code section 1170.12 are full-length terms. Penal Code section 1170.12, subdivision (c) defines the length of each of these terms. When a defendant has one prior felony conviction, the term is 'twice the term otherwise provided as punishment' for each current felony count. There is no ambiguity here. The trial court's only choice was between the lower, middle and upper terms 'otherwise provided as punishment' for each felony count. In resentencing defendant, the trial court is obligated to impose full-length terms . . . ."

We granted defendant's petition for review.

## II

Under California law, most felonies carry a "determinate" prison sentence consisting of one of three possible terms, designated the lower, middle, and upper terms. For example, the normal punishment for first degree robbery is "imprisonment in the state prison for three, four, or six years." (§ 213, subd. (a)(1)(B).) At sentencing, the court selects one of the three as the term to be imposed for the conviction. (See § 1170, subd. (b); Cal. Rules of Court, rule 420.)

If a defendant is convicted in a single proceeding of more than one felony carrying a determinate sentence, the sentencing court may order that the terms be served either concurrently or consecutively. If the sentencing court imposes consecutive terms, subdivision (a) of section 1170.1 specifies the normal method for calculating the overall prison term. It provides that, with certain exceptions, "the aggregate term of imprisonment for all these convictions shall be the sum of the principal term, the subordinate term, and any

additional term imposed for applicable enhancements for prior convictions, prior prison terms, and Section 12022.1." (§ 1170.1, subd. (a).) It explains that the "principal term shall consist of the greatest term of imprisonment imposed by the court for any of the crimes, including any term imposed for applicable specific enhancements" and that, with certain exceptions, "[t]he subordinate term for each consecutive offense . . . shall consist of one-third of the middle term of imprisonment prescribed for each" felony and "shall exclude any specific enhancements." (*Ibid.*) For example, if a defendant were convicted of three counts of first degree robbery, with no enhancements, and the sentencing court imposed consecutive terms, the court would select either three, four, or six years for the principal term, and would then add to this principal term an additional term of sixteen months (one-third of the middle term of four years) for each of the remaining two counts. The aggregate term would be the sum of the principal term (either three, four, or six years) and the two subordinate terms (of sixteen months each).

■■ The issue presented here is how this consecutive sentence calculation is affected by the Three Strikes law, which provides that for a defendant with one prior conviction for a "strike" (a violent or serious felony) "the determinate term . . . shall be twice the term otherwise provided as punishment for the current felony conviction." (§§ 667, subd. (e)(1), 1170.12, subd. (c)(1).) If the current conviction is for a single felony offense, this calculation is simple enough. For instance, a defendant with a prior strike who is convicted of first degree robbery and who would otherwise be sentenced to the middle term of four years will have that term doubled to eight years.

Published decisions by the Courts of Appeal have been unanimous in stating that consecutive sentences for a defendant with one qualifying prior strike conviction are calculated by doubling the principal and the subordinate terms that would otherwise be imposed under section 1170.1. (*People* v. *Castello* (1998) 65 Cal.App.4th 1242, 1252 [77 Cal.Rptr.2d 314]; *People* v. *Honea* (1997) 57 Cal.App.4th 842, 844 [67 Cal.Rptr.2d 303]; *People* v. *Thomas* (1997) 56 Cal.App.4th 396, 399-403 [65 Cal.Rptr.2d 425]; *People* v. *Green* (1996) 50 Cal.App.4th 1076, 1087 [58 Cal.Rptr.2d 259]; *People* v. *Hill* (1995) 37 Cal.App.4th 220, 227-228 [44 Cal.Rptr.2d 11]; *People* v. *McKee* (1995) 36 Cal.App.4th 540, 547-548 [42 Cal.Rptr.2d 707], disapproved on other grounds by *People* v. *Deloza* (1998) 18 Cal.4th 585, 600, fn. 10 [76 Cal.Rptr.2d 255, 957 P.2d 945]; *People* v. *Anderson* (1995) 35 Cal.App.4th 587, 601-602 [41 Cal.Rptr.2d 474]; *People* v. *Martin* (1995) 32 Cal.App.4th 656, 665-668 [38 Cal.Rptr.2d 776], disapproved on other grounds by *People* v. *Deloza, supra,* at p. 600, fn. 10.)

In several of these decisions, the issue before the appellate court was whether in this situation the sentencing court should double only the principal term and not the subordinate term or terms. (*People* v. *Green, supra,* 50

Cal.App.4th 1076, 1087; *People* v. *McKee, supra,* 36 Cal.App.4th 540, 547-548; *People* v. *Anderson, supra,* 35 Cal.App.4th 587, 601-602; *People* v. *Hill, supra,* 37 Cal.App.4th 220, 227-228; *People* v. *Martin, supra,* 32 Cal.App.4th 656, 665-668.) No party contended, and the appellate court did not expressly consider, whether the sentencing court should disregard section 1170.1 and double a full term for each count. In other decisions, the statements were dicta because the court was actually deciding a different issue. (*People* v. *Castello, supra,* 65 Cal.App.4th 1242, 1252 [whether Florida adjudication qualified as a "conviction"]; *People* v. *Thomas, supra,* 56 Cal.App.4th 396, 399-403 [sentencing issue for a defendant with two qualifying prior strike convictions].)

*People* v. *Honea, supra,* 57 Cal.App.4th 842, is the only published decision in which a Court of Appeal expressly considered whether, for two strike defendants, the consecutive determinate term to be doubled is a full term or one-third of the middle term. There, the trial court had doubled full-term consecutive sentences on two counts. On appeal, the People conceded that this was error, and the Court of Appeal modified the sentence to "double one-third the middle term" on the subordinate count. (*Id.* at p. 844.) Because of the People's concession, the Court of Appeal did not analyze the issue; it merely observed that it agreed with the People. (*Ibid.*)

■ As with any other statute, our task in construing a provision of the Three Strikes law "is to ascertain and effectuate legislative intent." (*People* v. *Gardeley* (1996) 14 Cal.4th 605, 621 [59 Cal.Rptr.2d 356, 927 P.2d 713].) We consider first the statute's words because they are generally the most reliable indicator of legislative intent. (*Ibid.*; see also *Holloway* v. *United States* (1999) 526 U.S. 1, 5-6 [119 S.Ct. 966, 969, 143 L.Ed.2d 1].) "When looking to the words of the statute, a court gives the language its usual, ordinary meaning." (*People* v. *Snook* (1997) 16 Cal.4th 1210, 1215 [69 Cal.Rptr.2d 615, 947 P.2d 808]; accord, *Lennane* v. *Franchise Tax Bd.* (1994) 9 Cal.4th 263, 268 [36 Cal.Rptr.2d 563, 885 P.2d 976].)

■ Here, the statutory language requires the sentencing court to double "the term otherwise provided as punishment for the current felony conviction." (§§ 667, subd. (e)(1), 1170.12, subd. (c)(1).) The phrase "otherwise provided" would seem to encompass all sentencing provisions outside the Three Strikes law, except for those provisions that the Three Strikes law expressly abrogates. Section 1170.1, which specifies the usual principal term/subordinate term methodology for calculating consecutive determinate terms for felonies, is one such sentencing provision. Therefore, unless the Three Strikes law expressly abrogates the relevant provisions of section 1170.1, the most natural reading of the provision at issue is that the sentencing court must designate principal and subordinate terms as required

by section 1170.1, calculating the subordinate terms as one-third of the middle term (except when full-term consecutive sentences are otherwise permitted or required), and then double each of the resulting terms. This is what the sentencing court did here.

Applying this construction in a two strikes case yields an aggregate term that is exactly twice as long as the aggregate term that would be imposed in the absence of a qualifying prior strike conviction. This result is consistent with the apparent general purpose of the Three Strikes law to double the punishment of defendants with one qualifying prior conviction.

Another provision of the Three Strikes law lends support to this construction. For both two strikes and three strikes defendants, the Three Strikes law provides that "[t]here shall not be an aggregate term limitation for purposes of consecutive sentencing for any subsequent felony conviction." (§§ 667, subd. (c)(1), 1170.12, subd. (a)(1).) This apparently refers to, and expressly abrogates, two aggregate term limitations formerly within section 1170.1's consecutive sentencing scheme: the five-year maximum for nonviolent felony subordinate terms and the "double the base term" limitation.[2] (See *People* v. *Martin, supra,* 32 Cal.App.4th 656, 665.) Abrogation of these aggregate term limitations would have been unnecessary if section 1170.1's consecutive sentencing scheme were otherwise inapplicable to sentences imposed under the Three Strikes law. Had the enactors of the Three Strikes law intended to abrogate section 1170.1's "one-third of the middle term" method for calculating subordinate terms, we assume they would have done so expressly, just as they expressly abrogated section 1170.1's aggregate term limitations. Stated differently, the express abrogation of certain features of section 1170.1's consecutive sentencing scheme supports the conclusion that features not expressly abrogated remain effective and have been incorporated into the Three Strikes law's consecutive sentencing scheme.

The People advance three arguments in defense of the Court of Appeal's construction of the basic two strikes sentencing provision.

■ First, the People argue that section 1170.1's calculation of subordinate terms at one-third of the middle term is itself an "aggregate term limitation" and thus expressly abrogated by the Three Strikes law's provision that "[t]here shall not be an aggregate term limitation for purposes of

---

[2]The Legislature has since repealed both limitations. It repealed the "double the base term" limitation in 1997 when it rewrote section 1170.1. (Stats. 1997, ch. 750, § 3 [Sen. Bill No. 721]; see *People* v. *Herrera* (1998) 67 Cal.App.4th 987, 992 [79 Cal.Rptr.2d 539].) It repealed the five-year maximum for nonviolent felony subordinate terms in 1998 when it again revised section 1170.1. (Stats. 1998, ch. 926, § 2.5.) We have no occasion here to determine whether the provision of the Three Strikes law barring "an aggregate term limitation for purposes of consecutive sentencing" affects other sentence limitations.

consecutive sentencing for any subsequent felony conviction." (§§ 667, subd. (c)(1), 1170.12, subd. (a)(1).) The argument proceeds from a false premise. The provision of section 1170.1 fixing consecutive subordinate terms at one-third of the middle term is not an "aggregate term limitation." Because this provision *defines* the length of individual subordinate terms (*People* v. *Riolo* (1983) 33 Cal.3d 223, 227, fn. 5 [188 Cal.Rptr. 371, 655 P.2d 723]), it is not a "limitation." And because there may be any number of subordinate terms, it dose not set a maximum for the overall or "aggregate " term that a defendant may receive.

Second, the People rely on the statutory construction rule that a word or phrase repeated in a statute should be given the same meaning throughout. (*People* v. *McCart* (1982) 32 Cal.3d 338, 344 [185 Cal.Rptr. 284, 649 P.2d 926].) The key phrase in the provision at issue is "twice the term otherwise provided as punishment for the current felony conviction." (§§ 667, subd. (e)(1), 1170.12, subd. (c)(1).) Another provision of the Three Strikes law, concerning the calculation of the minimum term for defendants with two qualifying prior strike convictions who are sentenced to indeterminate life terms, reads: "Three times the term otherwise provided as punishment for each current felony conviction . . . ." (§§ 667, subd. (e)(2)(A)(i), 1170.12, subd. (c)(2)(A)(i).) In this provision, the phrase "the term otherwise provided as punishment" means a full term (either the lower, middle, or upper term). (*People* v. *Thomas, supra,* 56 Cal.App.4th 396, 402.) The People argue that, under the rule of construction mentioned above, the same phrase should be given the same meaning in the provision at issue here, applicable to two strike defendants.

We are not persuaded. The common and ordinary meaning of the phrase in question—"the term otherwise provided as punishment"—is the term that would be imposed in the absence of the Three Strikes law. Giving this meaning to the phrase in both of the provisions satisfies the rule of construction that the People cite. When a two strikes defendant is convicted of multiple offenses, the "term otherwise provided as punishment" is determined by applying the consecutive sentencing scheme for determinate terms in section 1170.1. For three strikes defendants, however, the term imposed for each new offense is an indeterminate life term. The consecutive sentencing scheme of section 1170.1 does not apply to indeterminate life terms, and therefore it has no application to sentencing calculations for three strikes defendants. The provision that the People cite deals with the calculation of the *minimum* term for each indeterminate life term imposed on a three strikes defendant. This calculation necessarily must be performed separately for each new offense. (See *People* v. *Ayon* (1996) 46 Cal.App.4th 385, 392-393 [53 Cal.Rptr.2d 853], disapproved on other grounds by *People* v. *Deloza, supra,* 18 Cal.4th 585, 600, fn. 10.) In this context, the Three Strikes law

incorporates section 1170, another basic component of the determinate sentencing law, which gives the sentencing court discretion to select either the lower, middle, or upper term, depending on the presence or absence of various sentencing factors. (See *People* v. *Keelen* (1998) 62 Cal.App.4th 813, 819-820 [73 Cal.Rptr.2d 250].) The consecutive sentencing provisions of section 1170.1 simply have no relevance in this context.

Third and last, the People rely on their reading of the legislative history of the Legislature's version of the Three Strikes law. They cite the Senate Rules Committee floor analysis, the Assembly floor analysis, and the Senate Judiciary Committee analysis of the bill that enacted the Three Strikes law.[3] As the People point out, each analysis states that under the bill a person with one prior qualifying strike conviction would "be sentenced to twice the term prescribed by law for each new felony." (Assem. Office of Research, 3d reading analysis of Assem. Bill No. 971 (1993-1994 Reg. Sess.) as amended Jan. 26, 1994, p. 1; Sen. Com. on Judiciary, Analysis of Assem. Bill No. 971 (1993-1994 Reg. Sess.) as amended Jan. 26, 1994, p. 2; Sen. Rules Com., Office of Sen. Floor Analyses, Rep. on Assem. Bill No. 971 (1993-1994 Reg. Sess.) as amended Jan. 26, 1994 (Mar. 2, 1994), p. 2.) The People structure their argument this way: "The phrase 'twice the term prescribed by law for each new felony' bears a certain similarity to section 1170.1's provision that the 'subordinate term . . . shall consist of one-third the middle term of imprisonment prescribed for each other felony conviction . . . .' The similarity is that both phrases set forth a formula for calculating a sentence by reference to the term specifically prescribed by statute for each offense. Accordingly, by its own description of the statutory provision at issue, the Legislature manifested an intention to replace section 1170.1's formula of one-third of the middle term prescribed for each felony conviction with a new formula requiring defendants to be sentenced to twice the term prescribed for each offense."

A major difficulty with this argument is that if we look only to punishment provisions for individual felonies with determinate terms, as the People propose, for each felony we find not one but three "term[s] prescribed by law": a lower, a middle, and an upper term. For second strike defendants, which of these three terms is the sentencing court to double? To answer this question, a sentencing court would have to look beyond the Three Strikes law and beyond the punishment provision for the individual felony to one or both of the basic determinate sentencing law provisions, sections 1170 and 1170.1. Nothing in the language of the legislative analyses, or in the

---

[3]As we have done in other cases involving the Three Strikes law, we granted the People's motion for judicial notice of these legislative history materials. (See *People* v. *Rodriguez* (1998) 17 Cal.4th 253, 256, fn. 2 [70 Cal.Rptr.2d 334, 949 P.2d 31]; *People* v. *Superior Court* (*Romero*) (1996) 13 Cal.4th 497, 504, fn. 1 [53 Cal.Rptr.2d 789, 917 P.2d 628].)

language of the Three Strikes law, indicates that the sentencing court is to look only to section 1170 and not also to section 1170.1 when both of those provisions would otherwise be applicable, as in the case of determinate terms sentenced consecutively.

Moreover, in the Senate Judiciary Committee analysis we find the statement that under the bill the commission of any felony by a person with one prior qualifying conviction "would result in a sentence of twice the normal length." (Sen. Com. on Judiciary, Analysis of Assem. Bill No. 971 (1993-1994 Reg. Sess.) as amended Jan. 26, 1994, p. 4.) This suggests an intention that aggregate determinate sentences for two strikes defendants ordinarily be twice the length of the aggregate determinate sentence that would have been imposed before enactment of the Three Strikes law. For two strikes defendants sentenced to consecutive determinate terms, the construction urged by the People would result in sentences substantially exceeding twice the length of the sentence that would otherwise have been imposed, except in instances where section 1170.1 itself authorizes full-term consecutive sentences. Having examined both the language of the Three Strikes law and the legislative analyses cited by the People, we are not convinced that this is what the Legislature intended.

We conclude, accordingly, that the Three Strikes law's basic sentencing provision for two strikes defendants (§§ 667, subd. (e)(1), 1170.12, subd. (c)(1)) incorporates the principal term/subordinate term methodology of section 1170.1 and that, consistent with that methodology, the trial court here correctly computed subordinate terms by doubling one-third of the middle term for each such offense.

### DISPOSITION

The judgment of the Court of Appeal is reversed and the matter is remanded to that court for further proceedings consistent with the views expressed in this opinion.

George, C. J., Mosk, J., Baxter, J., Werdegar, J., Chin, J., and Brown, J., concurred.

On September 22, 1999, the opinion was modified to read as printed above.