102 Cal.Rptr.2d 121 (2000)
85 Cal.App.4th 327
The PEOPLE, Plaintiff and Appellant,
v.
Rockland Faber RIGGS, Defendant and Appellant.
No. C029575.
Court of Appeal, Third District.
December 6, 2000.
Rehearing Granted January 5, 2001.
*122 Daniel E. Lungren, Attorney General, George H. Williamson, Chief Assistant Attorney General, Robert R. Anderson, Senior Assistant Attorney General, Harry Joseph Colombo, Supervising Deputy Attorney General, Eric L. Christoffersen, Deputy Attorney General, for Plaintiff and Appellant.
Michael Bacall, San Diego, under appointment by the Court of Appeal, for Defendant and Appellant.
Certified for Partial Publication.[*]
RAYE, J.
A jury convicted defendant of receiving stolen property. (Pen.Code, § 496, subd. (a).[1]) He admitted having suffered one prior "strike," a 1995 robbery conviction (§ 211) arising out of an attempted shoplifting. The court, pursuant to section 1385, denied defendant's motion to dismiss the strike prior and sentenced him to the two year prison midterm, doubled under section 1170.12, subdivision (c)(1).
At the time of sentencing, defendant was serving a sentence for a 1997 second degree burglary conviction (§ 459) in El Dorado County, also arising out of an attempted shoplifting, and the court resentenced defendant on the El Dorado County offense to a consecutive term of 16 months, i.e., one-third the two year prison midterm pursuant to section 1170.1, subdivision (a), doubled.
Both parties appealed. Defendant contends that in denying the motion to dismiss the strike prior, the court failed to take into account certain "individualized considerations" pertaining to his background and the nature of the offense. The People assert the court erred by not ordering the sentence to run consecutive to the sentence previously imposed in El Dorado County. We shall affirm.

DISCUSSION

I[**]

II
When defendant appeared for sentencing, he stood convicted in Placer County of *123 receiving stolen property in May 1997 and of a June 1997 burglary in El Dorado County. Though he had already been sentenced to 32 months for the El Dorado County burglary, the trial court, relying on section 1170.1, subdivision (a), undertook to impose an aggregate sentence embracing both offenses.
Section 1170.1, subdivision (a), applies "when any person is convicted of two or more felonies . . . in different proceedings or courts, and whether by judgment rendered by the same or by a different court, and a consecutive term of imprisonment is imposed under Sections 669 and 1170." As applied to an existing term of imprisonment, section 1170.1 provides the aggregate term "shall consist of the greatest term of imprisonment imposed . . . for any of the crimes [plus] one-third of the middle term of imprisonment prescribed for each other felony conviction . . . ."[3]
The court selected the midterm of two years for receiving stolen property and one-third of the midterm for the previously adjudicated El Dorado burglary. Both terms were doubled under the "second strike" provisions of section 1170.12, for an aggregate term of five years, four months.
The People contend the sentence violates section 1170.12, which provides in pertinent part: "(a) Notwithstanding any other provision of law, if a defendant has been convicted of a felony and it has been pled and proved that the defendant has one or more prior felony convictions, as defined in subdivision (b), the court shall adhere to each of the following:
". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
"(8) Any sentence imposed pursuant to this section will be imposed consecutive to any other sentence which the defendant is already serving, unless otherwise provided by law."
According to the People, the phrase "imposed consecutive to any other sentence which the defendant is already serving" reflects "an intent that the sentence for the current offense is to be served after completion of the sentence the defendant was serving at the time of sentencing." They reason that "[i]f the initiative drafters intended for sentences pursuant to subdivision (a)(8) to be imposed consistent with section 1170.1, they would have specified that sentences for new convictions are to be served `consecutively' with any sentence the defendant is currently serving rather than `consecutive to' such a sentence."
This argument fails to give effect to the express exception set forth in section 1170.12, subdivision (a)(8), to wit, "unless otherwise provided by law." (Italics added.) The People say this language "logically refers to laws which would prohibit the imposition of consecutive sentences altogether." We disagree. The "unless" clause is not addressed to consecutive sentencing generally. It applies only when the current sentence is to be served "consecutive to any other sentence which the defendant is already serving." In that circumstance we are directed to look to any other law that "otherwise provide[s]" for consecutive sentencing in that circumstance.[4] Such a law is to be found in section 1170.1, subdivision (a).
In People v. Nguyen, supra, 21 Cal.4th 197, 87 Cal.Rptr.2d 198, 980 P.2d 905, the Supreme Court considered a case where "a defendant is convicted in a single proceeding of more than one felony carrying a *124 determinate sentence" and the court elects to impose consecutive sentences. (Id. at p. 201, 87 Cal.Rptr.2d 198, 980 P.2d 905.) As expressed by the court, "The issue presented here is how this consecutive sentence calculation is affected by the Three Strikes law, which provides that for a defendant with one prior conviction for a `strike' (a violent or serious felony) `the determinate term . . . shall be twice the term otherwise provided as punishment for the current felony conviction.' (§§ 667, subd. (e)(1), 1170.12, subd. (c)(1).)" (21 Cal.4th at p. 202, 87 Cal.Rptr.2d 198, 980 P.2d 905.)
The court concluded "the most natural reading of the provision at issue" is to apply the one-third the midterm limitation consistent with the language of section 1170.1, and then double each of the resulting terms consistent with the language of 1170.12. (Nguyen, supra, 21 Cal.4th at pp. 203-204, 87 Cal.Rptr.2d 198, 980 P.2d 905.) This would be "twice the term otherwise provided as punishment for the current felony conviction." (Id. at p. 202, 87 Cal. Rptr.2d 198, 980 P.2d 905.)
Nguyen involved a defendant convicted and sentenced in a single proceeding of more than one felony. In Nguyen, the People asserted the three strikes law totally abrogated the sentencing scheme established by section 1170.1. Their argument here is more circumscribed. They contend that where a two strike defendant has already been sentenced for an offense, the sentence cannot be modified pursuant to section 1170.1 upon a subsequent conviction because of the command of section 1170.12, subdivision (a)(8), that "[a]ny sentence imposed pursuant to this section will be imposed consecutive to any other sentence which the defendant is already serving." Under the People's reasoning, a defendant tried and convicted on multiple offenses in a single proceeding enjoys the benefits of the sentencing limits imposed by section 1170.1, while a defendant tried and convicted in separate proceedings does not.
There is no reason to suspect the Legislature intended such disparate treatment. As pointed out by the Supreme Court in Nguyen, "unless the Three Strikes law expressly abrogates the relevant provisions of section 1170.1, the most natural reading of the provision at issue is that the sentencing court must designate principal and subordinate terms as required by section 1170.1, calculating the subordinate terms as one-third of the middle term (except when full-term consecutive sentences are otherwise permitted or required), and then double each of the resulting terms." (Nguyen, supra, 21 Cal.4th at pp. 203-204, 87 Cal.Rptr.2d 198, 980 P.2d 905.)
The Legislature knows how to "expressly abrogate" the provisions of section 1170.1. With respect to the penalties for escape, for example, the Legislature has provided the sentence is "to be served consecutively to any other term of imprisonment, commencing from the time the person would otherwise have been released from imprisonment and the term shall not be subject to reduction pursuant to subdivision (a) of Section 1170.1 . . . ." (Pen.Code, § 4532, subd. (b)(2); see People v. Scott (1993) 17 Cal.App.4th 1383, 1387, 22 Cal.Rptr.2d 46.) The three strikes law does not expressly abrogate subdivision (a) of section 1170.1. To the contrary, section 1170.12 provides the sentence will be imposed consecutive to any other sentence which the defendant is already serving, "unless otherwise provided by law." (§ 1170.12, subd. (a)(8), italics added.)[5] Section 1170.1 "otherwise provide]." The trial court correctly applied *125 section 1170.1 in calculating defendant's sentence.

DISPOSITION
The judgment is affirmed.
MORRISON, J., concurs.
BLEASE, Acting P.J.
I concur in the opinion insofar as it holds the phrase "otherwise provided by law" in Penal Code section 1170.12, subdivision (a)(8), invokes the subordinate term provisions of section 1170.1, subdivision (a). Pursuant to the latter provision the trial court correctly imposed an eight month consecutive term on resentence for the defendant's prior conviction for a (shoplifting) burglary.
However, I dissent from the majority's assumption (nowhere discussed) that the eight month sentence must be doubled under the three strikes law, section 1170.12, subdivision (c)(1), because it provides for doubling the punishment only for a "current felony conviction." (Emphasis added.) The defendant's only current felony conviction is for receiving stolen property and the sentence of two years for that offense was doubled.
The reference to "current felony conviction" in section 1170, subdivision (c)(1), means just that, a current, not a prior felony conviction. What is to be doubled is "the term otherwise provided as punishment for the current felony conviction," not the term for a prior felony conviction. (Emphasis added.) That is plainly shown by the fact that subdivision (c)(1) itself distinguishes between a prior and a current felony conviction. A current felony conviction must be doubled only if there is a prior felony conviction. Plainly, "current conviction" means current conviction and not "prior conviction." We need not look far to find that distinction embedded in section 1170.12. (See subds. (a)(3), (a)(6), (a)(7) and (b).)
People v. Nguyen (1999) 21 Cal.4th 197, 87 Cal.Rptr.2d 198, 980 P.2d 905 does not hold otherwise. The subordinate term provisions of section 1170.1 apply "when any person is convicted of two or more felonies, whether in the same proceeding . . . or in different proceedings." In Nguyen the defendant was convicted of two felonies in the "same" proceeding. Accordingly, both felonies involved current convictions and both properly were doubled pursuant to section 1170.12, subdivision (c)(1). Nguyen is not to be read to apply to the case, as here, of resentencing based upon two felonies arising from "different proceedings," a circumstance necessarily involving a prior conviction.
NOTES
[*] Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of Part I of the Discussion.
[1] Further statutory references are to the Penal Code unless otherwise specified.
[**] See footnote *, ante.
[3] If the subordinate offense is a violent felony, as defined in section 667.5, an additional term must be added for any enhancements applicable to such term. In this case the trial court found the offense was not a violent felony.
[4] The phrase "otherwise provided by law" is analogous to the provision "otherwise provided as punishment," applicable where a two strikes defendant is convicted of multiple current offenses. In the latter case, "the `term otherwise provided as punishment' is determined by applying the consecutive sentencing scheme for determinate terms in section 1170.1." (People v. Nguyen (1999) 21 Cal.4th 197, 205, 87 Cal.Rptr.2d 198, 980 P.2d 905.)
[5] The Supreme Court in Nguyen also took note of provisions of the three strikes law expressly abrogating the aggregate terms limitations of section 1170.1, suggesting there was no intent to abrogate other term limitations imposed by the section such as the one-third of the middle term limitation. (21 Cal.4th at pp. 203-204, 87 Cal.Rptr.2d 198, 980 P.2d 905.)