Filed 5/31/24  P. v. Carbajal CA1/1
(corrected version)

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>ALBERTO HERNANDEZ CARBAJAL,<br><br>        Defendant and Appellant. | A168441<br><br>(Del Norte County<br>Super. Ct. No. CR-PB-19-5041) |

Alberto Hernandez Carbajal has appealed this conviction twice before.  He now challenges a prison sentence comprised of indeterminate and determinate terms imposed by the trial court after a July 2023 resentencing hearing.  We vacate the sentence and remand for resentencing.  The court failed to designate a principal term among the determinate terms and impose the full term for that sentence. (Pen. Code,[1] § 1170.1, subd. (a).)  In all other respects, we affirm.

---

[1] All statutory references are to the Penal Code.

## I. BACKGROUND[2]

In 2017, while serving a life sentence, Carbajal participated in a riot that severely injured several correctional officers. A jury convicted him of 16 counts of assault in connection with the incident. Eight were counts of assault by a life prisoner by means of force likely to produce great bodily injury (assault by a life prisoner), and the other eight counts were assault by a state prisoner by means of force likely to produce great bodily injury (assault by a state prisoner). The trial court sentenced him to 59 years to life in prison, which included five years for a prior serious felony enhancement. In his first appeal, we reversed seven of the convictions for assault by a life prisoner and one conviction for assault by a state prisoner, and we remanded the matter for resentencing. (*People v. Carbajal, supra*, A161025.)

On remand, the trial court sentenced Carbajal to 31 years to life in prison. He appealed. We again reversed and remanded for resentencing. We concluded defense counsel rendered prejudicial ineffective assistance at the resentencing hearing. (*People v. Carbajal, supra*, A165143.)

The trial court held a third resentencing hearing in July 2023. In total, it sentenced Carbajal to an indeterminate term of 26 years to life in prison. The sentence was comprised of nine years to life on the conviction for assault by a life prisoner (count 15), doubled due to a prior strike conviction. On three of the convictions for assault by a state prisoner (counts 1, 2, and 3), the court imposed three consecutive

---

[2] We incorporate by reference our nonpublished opinions in Carbajal's prior appeals, *People v. Carbajal* (Dec. 6, 2021, A161025) and *People v. Carbajal* (Mar. 29, 2023, A165143).

determinate terms, adding another eight years to Carbajal's sentence. These terms were comprised of one-third the four-year middle term for each conviction, doubled for Carbajal's prior strike. The court stayed the terms on the four remaining convictions for assault by a state prisoner (counts 4, 5, 6, and 8), and it struck the five-year serious prior felony enhancement imposed at the original sentencing hearing.

## II.  DISCUSSION

Carbajal now challenges the judgment on several grounds. He contends the matter must be remanded for resentencing because the trial court made unsubstantiated factual findings, misapprehended the relevant sentencing criteria, and refused to appoint a neuropsychologist and investigator to present evidence of childhood trauma and racially discriminatory sentencing among similarly situated inmates. The People agree that remand is required but identify a different reason. The People contend the court erroneously failed to designate a principal term among the determinate terms and impose the full term for that sentence. The People are correct. We reverse and remand for this reason.

"Indeterminate term crimes and determinate term crimes are subject to two different sentencing schemes." (*People v. Neely* (2009) 176 Cal.App.4th 787, 797 (*Neely*).) Accordingly, "[s]entencing under these two . . . schemes must be performed separately and independently of each other." (*Ibid.*) After the trial court determines the appropriate sentence to impose for the indeterminate term and the determinate term offenses, "it combines the two to reach an aggregate total sentence." (*Id.* at p. 798.)

3

When an offense for which an indeterminate sentence of life imprisonment can be imposed, the trial court "simply imposes the statutory term of imprisonment for the indeterminate sentence crime." (*Neely, supra*, 176 Cal.App.4th at p. 798.) But when imposing consecutive sentences for crimes requiring a determinate term, the court must comply with a three-step protocol. (*Id.* at pp. 797–798; §§ 1170, 1170.1.) The court first selects a base term for each determinate conviction; it next designates the longest term imposed as the principal term and the remaining determinate terms as subordinate terms; the court then imposes the full base term for the principal term and one-third of the middle term for each of the consecutive subordinate terms. (*Neely*, at pp. 797–798.) Under the "Three Strikes" law (§§ 667, subd. (e)(1), 1170.12, subd. (c)(1)), the principal and subordinate terms must be doubled when, as here, the defendant has a prior strike conviction. (*People v. Nguyen* (1999) 21 Cal.4th 197, 203–204.)

Here, it appears the trial court imposed an indeterminate term on count 15, and three consecutive determinate terms on counts 1, 2, and 3 using the indeterminate term for count 15 as the "base term." By imposing "a consecutive one-third of the middle term sentence for [counts 1, 2, and 3], the court in effect was designating [count 15] as the principal term under section 1170.1." (*Neely, supra*, 176 Cal.App.4th at p. 797.) This was error. Remand is therefore required for the court to resentence Carbajal in accordance with the process that applies for sentencing of an indeterminate term along with consecutive determinate terms as described above. (*Id.* at pp. 798–799.)

4

In light of our conclusion, we will not address Carbajal's other assertions of error. He may raise them to the trial court on resentencing. It would be speculative for us to address them, as they may be irrelevant depending on the outcome of those proceedings. (*People v. Falcon* (2023) 92 Cal.App.5th 911, 957, review granted Sept. 13, 2023, S281242; *People v. Campbell* (2023) 98 Cal.App.5th 350, 392–393.) On remand we expect the court will comply with section 1170 (*Chavez Zepeda v. Superior Court* (2023) 97 Cal.App.5th 65, 74 & fn. 2), construe section 1385 consistent with recent authority (*People v. Dain* (2024) 99 Cal.App.5th 399, 410–411, review granted May 29, 2024, S283924), avoid issues of double jeopardy at resentencing following remand of an unauthorized sentence (*People v. Trammel* (2023) 97 Cal.App.5th 415, 435), and ensure the abstract of judgment correctly reflects the length of the indeterminate sentence imposed on count 15.

### III. DISPOSITION

The sentence is vacated and the matter is remanded to the trial court for resentencing. In all other respects, the judgment is affirmed.

SIGGINS, J.*

WE CONCUR:

HUMES, P. J.

BANKE, J.

A168441
*People v. Carbajal*

---

\* Retired Presiding Justice of the Court of Appeal, First Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

6