Filed 8/28/15  P. v. Diaz CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D066621 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD251546) |
| STEVEN MICHAEL DIAZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Charles G. Rogers, Judge.  Affirmed.

Patricia J. Ulibarri, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

Steven Michael Diaz was charged with seven counts of robbery of employees of various gas stations during a three-week period in September and October 2013.  (Pen. Code, § 211.)[1]  The information also alleged two prison priors and a serious felony strike

---

1       Further statutory references are to the Penal Code.

for a 2008 robbery.  (§§ 667.5, subd. (b), 667, subs. (a)(1), (b)-(i).)  A jury found Diaz guilty on all counts.  After the verdict, in a bifurcated hearing, Diaz admitted the prison and serious felony strike priors.  The trial court imposed a total determinate prison term of 29 years.

FACTUAL AND PROCEDURAL BACKGROUND

From September 13 to October 7, 2013, there was a series of seven robberies at gas stations throughout San Diego County in which the perpetrator arrived and left the scene in an older model black BMW.  He wore a hooded sweater with a bandana over the lower part of his face.  On two occasions, he wore a sweatshirt with an emblem on the back.  Each time, the perpetrator brandished a gun at the cashier or clerk and demanded all the money from the register.  On September 25, the perpetrator was not wearing gloves.  A surveillance camera located above the cash register recorded the perpetrator's tattooed hands as he removed the cash.

San Diego Police Department Detective John Smith sent a photo of the perpetrator's tattoos to law enforcement agencies and received Diaz's name from his parole officer.  Smith obtained a copy of Diaz's tattoos and determined they were identical to the tattoos recorded on September 25.  On October 9, 2013, police officers arrested Diaz outside his mother's home as he was leaving with his girlfriend in her black 2000 BMW 740-IL.  Diaz's girlfriend said she allowed Diaz to use her BMW while she was working.

Officers searched Diaz's mother's home and found several articles of clothing matching the clothing worn by the perpetrator during the robberies.  When detective

2

Smith showed photos of the perpetrator's tattoos to Diaz's mother, Maryanne Bennetch, she sighed and said they looked like Diaz's tattoos.

At a pretrial hearing, defense counsel asked the court to limit the detective's testimony about the parole agent's identification of Diaz. The prosecutor planned to introduce photos of Diaz's tattooed hands and the perpetrator's tattooed hands in evidence but also wanted the officers to testify about their investigations. The trial court said that although the investigation was interesting, it was not part of the People's case. Neverthess, the court did not want to invite speculation by the jurors if there was a gap in chronology. The court ruled the detective could not testify that a parole officer identified Diaz. Instead, the detective could say he circulated a photo of the tattoos and another law enforcement officer informed him that Diaz may have similar tattoos. The prosecutor and defense counsel agreed to the proposed limitation on the detective's testimony.

At trial, victims and bystanders from each gas station testified. One witness saw Diaz's face before Diaz pulled a bandana over his mouth and nose, and identified him in court. Several witnesses noticed the perpetrator's older model black BMW. One witness identified it as a 740 series BMW.

The prosecution introduced surveillance videos from all but one of the gas station robberies. Deputy Sheriff Nikolas Katrantzis testified he secured the surveillance video at an ARCO gas station in Spring Valley but the video had been lost due to human error. The prosecutor asked Katrantzis, "What did you see in the video?" Without objection, Katrantzis said the video showed a person exiting a black BMW, entering the store, pointing a gun at the clerk, taking money out of the cash register, and leaving the store.

3

Detective Smith testified about his investigation into the gas station robberies, his identification and arrest of Diaz, and Bennetch's identification of Diaz's tattoos and clothing. Bennetch denied making those statements to Smith.

Detectives Smith and Stan Schwarz testified it was unusual to have a BMW involved in a robbery. Over objection, Detective Smith said to his knowledge, there had not been any other robberies in San Diego County involving a 7 series BMW in the year following Diaz's arrest.

After the close of evidence, the trial court said several of the officers had testified about robbery patterns and asked whether the defense wanted an expert opinion instruction. Defense counsel said the police did not testify as experts. She did not want too much weight given to their testimony. The trial court said the expert witness instruction was a defense-friendly instruction required by statute to address that issue. (§ 1127, subd. (b).) Counsel withdrew her objection to the instruction.

After the verdict, in a bifurcated proceeding, Diaz admitted he was convicted for robbery in 2008. This count was alleged both as a strike and a prison prior. The information also alleged a second prison prior for aggravated assault with a deadly weapon on an inmate. Diaz was convicted and sentenced to a consecutive second term. Diaz admitted the prison assault.

At sentencing, Diaz filed a motion to dismiss the strike under section 1385 and *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, 530 (*Romero*). The court denied the motion, stating that although the previous robbery was relatively minor, the nature and circumstances of the current offenses were extreme. In addition, Diaz

4

committed the current offenses while he was on parole. The trial court also determined the consecutive sentence for the prison assault was a second prison prior under *People v. Walkkein* (1993) 14 Cal.App.4th 1401, 1409-1411.

The trial court sentenced Diaz to 29 years in prison, imposing the upper term of five years on count 1, doubled to 10 years for the prior strike; the midterm of one year on counts 2 through 7, each doubled for the strike, for a total of 12 years; five years on the 2008 robbery; and one year for each prison prior, for a total of two years. The trial court imposed fines, fees and restitution, and credited Diaz with custody credits.

## DISCUSSION

Appointed appellate counsel has filed a brief summarizing the facts and proceedings in the trial court. Counsel has presented no argument for reversal, and invited this court to review the record for error in accordance with *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Pursuant to *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel identified the following as possible, but not arguable, issues:

A. Whether appellant's waiver of his right to counsel at the preliminary hearing was made knowingly, intelligently and voluntarily;

B. Whether the trial court erred by allowing a deputy sheriff to opine about the contents of lost video surveillance from a gas station;

C. Whether the trial court erred by allowing a detective to give opinion testimony on key critical factual issues where the sole issue was identity;

5

D.    Whether trial counsel was ineffective for not bringing a *Pitchess*[2] motion where a witness denied having made potentially incriminating statements to a detective;

E.    Whether the trial court erred by instructing the jury on expert witness testimony where no witness was designated as an expert;

F.    Whether the trial court abused its discretion by not inquiring after being notified that an alternate juror saw that appellant was shackled while being escorted by deputies;

G.    Whether the trial court abused its discretion by denying appellant's *Romero*[3] motion to strike his prior unaggravated robbery conviction;

H.    Whether the trial court erred by doubling the base term and one-third of each subordinate term under the Three Strikes law;

I.    Whether the trial court erred by imposing both a five year serious felony prior and a one year prison prior where appellant was also serving time for unrelated offenses; and

J.    Whether the trial court erred by imposing a prison prior where the second prison prior occurred while appellant was incarcerated on the first prison prior.

We granted Diaz permission to file a brief on his own behalf, which he did. Diaz raises a claim of ineffective assistance of trial counsel. In addition, with the exception of

---

2    *Pitchess v. Superior Court* (1974) 11 Cal.3d 531.

3    *Romero, supra,* 13 Cal.4th at page 530.

6

issues A and F, *ante*, Diaz incorporates appellate counsel's issues in his brief and asks this court to order further briefing on those issues.

Diaz's claim of ineffective assistance of trial counsel centers on counsel's failure to object to what he terms "profile evidence" concerning the use of BMW's in robberies and to testimony about the investigation that led to the identification of Diaz as the suspect. Diaz also contends counsel was ineffective by not requesting a limiting instruction about law enforcement's investigatory steps, profile evidence, and opinions.

Defendants have a constitutional right to the effective assistance of counsel in criminal cases. (*Gideon v. Wainwright* (1963) 372 U.S. 335.) The burden is on the defendant to prove he received ineffective assistance of counsel. To do so, the defendant must show counsel failed to act in a manner to be expected of a reasonably competent attorney and that counsel's acts or omissions prejudiced the defendant. (*Strickland v. Washington* (1984) 466 U.S. 668, 687-688, 691-692; *People v. Pope* (1979) 23 Cal.3d 412, 425 (*Pope*).)

Here, the record on appeal sheds no light on why trial counsel acted or failed to act in the manner challenged. (*People v. Pope, supra,* 23 Cal.3d at p. 426.) "Where the record does not illuminate the basis for the challenged acts or omissions, a claim of ineffective assistance [of counsel] is more appropriately made in a petition for habeas corpus." (*Ibid*.) This procedure allows trial counsel to "fully describe his or her reasons for acting or failing to act in the manner complained of." (*Ibid.*) Courts then "are in a position to intelligently evaluate whether counsel's acts or omissions were within the range of reasonable competence." (*Ibid*.) This principle applies as well to any claim of

7

ineffective assistance of counsel for failing to bring a *Pitchess* motion against Detective Smith.

Any claim of ineffective assistance for not objecting to the deputy sheriff's testimony about the contents of the lost surveillance video at the Spring Valley ARCO gas station would not meet the required showing of prejudice. The victim in that robbery identified Diaz at trial as the man who came into the gas station with a gun and demanded money. With respect to any claim for not objecting to an expert witness instruction, the record shows counsel withdrew her objection as a valid trial tactic.

There is no merit to the claim the trial court erred when it allowed the detective to give opinion evidence concerning the perpetrator's identity. The jurors were instructed they were not required to accept the opinion of any witness as true or correct. The jury viewed photos of the perpetrator's hands and Diaz's hands. Presumably, the jurors followed the court's instructions and independently decided whether the information on which the witness relied was true and accurate.

The record does not show there is any merit to the issue the trial court erred when it denied Diaz's motion to strike his prior felony conviction. The trial court's discretion to strike a prior felony conviction in furtherance of justice is limited and "must proceed in strict compliance with section 1385[ subdivision ](a)." (*Romero*, *supra*, 13 Cal.4th at p. 530.) The record shows the court acted in compliance with the limitations on its discretion.

With respect to the claims of sentencing errors, the punishment authorized under the Three Strikes law required the trial court to double the term otherwise provided as

8

punishment for each current felony convictions because Diaz had a prior serious felony conviction. (§§ 667, subd. (e)(2)(A), 1170.1, subd. (a); *People v. Nguyen* (1999) 21 Cal.4th 197, 203-204.) The trial court was also required to impose a five-year sentence enhancement for the prior serious felony and a one-year prison prior for Diaz's incarceration on a different offense. (§§ 667, subd. (a)(1), 667.5, subd. (b).) Finally, the issue whether the trial court erred when it imposed two separate one-year prison priors is without merit. Diaz's sentence for the second offense—an in-prison battery—was a consecutive sentence to be served after the completion of the term for which he was originally imprisoned, and was therefore "available for enhancement under section 667.5 if the defendant is subsequently convicted of a felony." (*People v. Walkkein*, *supra*, 14 Cal.App.4th at p. 1410.)

A review of the record pursuant to *Wende* and *Anders*, including the issues suggested by counsel and appellant, has disclosed no reasonably arguable appellate issues. Diaz has been represented by competent counsel on this appeal.

DISPOSITION

The judgment is affirmed.

McCONNELL, P. J.

WE CONCUR:


McINTYRE, J.


O'ROURKE, J.

9