[No. B102454. Second Dist., Div. Seven. Mar. 26, 1998.]

THE PEOPLE, Plaintiff and Respondent, v.
EMILE KEELEN, Defendant and Appellant.

**[Opinion certified for partial publication.*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts I-IV of the Discussion.

814

**COUNSEL**

Michael B. McPartland, under assignment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, John R. Gorey, Jaime L. Fuster and William V. Ballough, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**JOHNSON, J.**—This case raises an issue of first impression under the "three strikes" law (Pen. Code § 667, subds. (b)-(i)).[1] In calculating a sentence under section 667, subdivision (e)(2)(A)(i)—"[t]hree times the term otherwise provided as punishment"—is the trial court required to select the upper term for the offense as "the term" to be tripled, or may the court exercise its usual sentencing discretion and select either the upper, middle or lower term? We conclude the trial court retains its discretion under section 1170, subdivision (b) to select the upper, middle or lower term as appropriate. Because the trial court in this case mistakenly believed it had to select the upper term as the term to be tripled under section 667, subdivision (e)(2)(A)(i), we remand the matter for resentencing.[2]

### FACTS AND PROCEEDINGS BELOW

A jury convicted defendant of attempted murder, spousal abuse and possession of a firearm by a felon and found in the commission of the

---

[1] All statutory references are to the Penal Code.

[2] The Supreme Court granted review of our July 17, 1997, decision in this case, vacated the opinion and transferred the cause to us for reconsideration of the *Romero* remand issue in light of *People* v. *Fuhrman* (1997) 16 Cal.4th 930 [67 Cal.Rptr.2d 1, 941 P.2d 1189]. (See pt. VII, *post.*)

attempted murder he personally used a firearm and inflicted great bodily injury on the victim. The jury also found defendant previously had been convicted of two residential burglaries.

The trial court sentenced defendant as follows: On the conviction for attempted murder, which the jury found not to be willful, deliberate and premeditated, the court sentenced defendant to a term of twenty-seven years to life (upper term of nine years (§ 664, subd. (a)) tripled under the three strikes law (§ 667, subd. (e)(2)(A)(i)) plus four years for the firearm enhancement (§ 12022.5, subd. (a)) and five years for the great bodily injury enhancement (§ 12022.7, subd. (d)) for a total of thirty-six years to life. On the spousal abuse conviction defendant was sentenced to the midterm of three years and the sentence stayed (§ 654). On the conviction for possession of a firearm by a felon the court sentenced defendant to a consecutive term of 25 years to life under the three strikes law (§ 667, subd. (e)(2)(A)(ii)). The court also imposed two consecutive five-year terms on the prior serious felony conviction enhancements (§ 667, subd. (a)). Defendant received 253 days credit for time served.[3]

Defendant filed a timely notice of appeal raising seven alleged errors in his sentencing.

DISCUSSION

I.-IV.*

. . . . . . . . . . . . . . . . . . . . . . . . . .

**V.  *The Trial Court Correctly Limited Defendant's Conduct Credits to 15 Percent of the Actual Time He Served in County Jail Prior To Conviction.***

■    Section 2933.1 subdivision (a) provides, "Notwithstanding any other law, any person *who is convicted* of a [violent] felony listed in section 667.5 shall accrue no more than 15 percent of worktime credit, as defined in Section 2933." (Italics added.) Between his arrest and sentencing, defendant spent 220 days in county jail. The trial court gave defendant presentence credit for actual time served (220 days) plus 33 days of conduct credits (15 percent of 220) for a total of 253 days.

---

[3]The parties agree the abstract of judgment should be corrected to show the 253 days of presentence credit consists of 220 days of actual time and 33 days of conduct credit. We discuss below defendant's claim the conduct credits were improperly calculated. (See pt. V, *post.*)

*See footnote, *ante*, page 813.

Defendant maintains the trial court erred by applying the 15 percent limitation on conduct credits for violent felons to the time defendant served in jail prior to being convicted of a violent felony. He reasons, under the language of section 2933.1, subdivision (a), the 15 percent limitation applies prospectively from the date a defendant is convicted of a violent felony.

Defendant's argument ignores subdivision (c) of section 2933.1. Subdivision (c) provides in relevant part, "Notwithstanding Section 4019 or any other provision of law, the maximum credit that may be earned against a period of confinement in . . . a county jail . . . *following arrest and prior to placement in the custody of the Director of Corrections*, shall not exceed 15 percent of the actual period of confinement for any person specified in subdivision (a)." (Italics added.) As the court pointed out in *People* v. *Ramos* (1996) 50 Cal.App.4th 810, 819 [58 Cal.Rptr.2d 24], "This provision plainly looks to the number of days an unsentenced defendant actually spends in local custody . . . ." Thus the Legislature expressed a clear intent to apply the 15 percent limitation on conduct credits to the time a defendant spends in jail prior to conviction and sentencing.[4]

VI. *In Calculating a Third Strike Sentence Under Section 667, Subdivision (e)(2)(A)(i) the Trial Court Is Not Required to Select the Upper Term for the Offense as the Term to be Tripled.*

■ The jury having found defendant previously had been convicted of two serious felonies (residential burglaries) the trial court was required to sentence defendant for the current offenses under section 667, subdivision (e)(2)(A). This section provides in relevant part: "If a defendant has two or more prior [serious or violent] felony convictions . . . the term for the current felony conviction shall be an indeterminate term of life imprisonment with a minimum term of the indeterminate sentence calculated as the greater of: [¶] (i) Three times the term otherwise provided as punishment for each current felony conviction . . . . [¶] (ii) Imprisonment in the state prison for 25 years. [¶] (iii) The term determined by the court pursuant to Section 1170 for the underlying conviction, including any [applicable] enhancement . . . ." (§ 667, subd. (e)(2)(A)(i), (ii), (iii).)

The parties agree the minimum term of the indeterminate life sentence for defendant's attempted murder conviction boiled down to a choice between option 1—three times "the term otherwise provided as punishment" for

---

[4]The abstract of judgment should be corrected to show 220 days of actual time and 33 days of conduct credit.

attempted murder—and option 2—twenty-five years.[5] Because the trial court erroneously believed it was required to use the upper term for attempted murder in determining whether option 1 or option 2 yielded the greatest minimum term, the court did not make a sentencing choice between the upper, middle or lower term. For the reasons explained below, we remand the matter to the trial court for it to make this sentencing choice and state the reasons therefor.

In the trial court the People contended the minimum term under section 667, subdivision (e)(2)(A) had to be calculated "as the greatest of either triple the high term of the crime or twenty-five years." Thus, the People argued, defendant had to be sentenced to 27 years to life on the attempted murder count. Defendant argued the court had the discretion to calculate the minimum term using the middle or lower term.

The record of the first sentencing hearing shows the trial court was confused as to the sentence it intended to impose. The court stated, "Based upon the defendant's two prior convictions, the defendant is eligible for a sentence of 25 years to life on count 1 which is attempted murder." The court then corrected itself and stated, "Actually [he] is eligible for 27 to life because it would be either the higher of 25 years or three times the high term which in fact would be 27 years to life." The sentence the court actually imposed, however, was 25 years to life. The court subsequently vacated that sentence and conducted a new sentencing hearing two days later.

At the second sentencing hearing the court sentenced defendant to a term of 27 years to life. The court stated, "[P]ursuant to Penal Code section 667 (e)(2)(A)(i) . . . the minimum term is calculated as the greater of three times the term otherwise provided for the current conviction. Since attempted murder . . . carries a term of five, seven and nine years, the indeterminate term will be three times nine which is 27 years to life." We conclude from the trial court's statements at both sentencing hearings the court believed it had no discretion and was required to impose three times the upper term for attempted murder as the minimum term of defendant's life sentence.

The Legislature did not define "the term otherwise provided as punishment" for purposes calculating option 1. As with most determinate sentences, the sentence for nonpremeditated attempted murder has more than one "term." The defendant may be punished by an upper term of nine years, a middle term of seven years or a lower term of five years. (§ 664, subd. (a).) Only the upper term of nine years, when tripled, yields a sentence greater than the twenty-five years provided by option 2. Does this mean in calculating the sentence under option 1 trial court *must* select the upper term? Or,

---

[5]Defendant does not challenge the 25-year-to-life sentence for the firearm possession conviction.

may the court exercise its usual sentencing discretion and select either the upper, middle or lower term? No reported case has addressed this issue.[6]

Construing section 667, subdivision (e)(2)(A)(i) according to the fair import of its language and in harmony with other provisions of the Penal Code, as we are bound to do under section 4, we conclude "the term otherwise provided as punishment," as used in section 667, subdivision (e)(2)(A)(i), means the upper, middle or lower term as selected by the trial court in accordance with applicable sentencing rules.[7]

Section 1170, subdivision (b) provides: "When a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the court shall order imposition of the middle term, unless there are circumstances in aggravation or mitigation of the crime." We find nothing in the three strikes statute which specifically preempts section 1170, subdivision (b). In contrast, the three strikes statute does specifically preempt other statutes either by name or by using the phrase "notwithstanding any other law . . . ."[8] If the Legislature had intended the trial court to always use the upper term for the offense in calculating "the term" under option 1 it could easily have said so by specifically preempting section 1170, subdivision (b) or by simply inserting the word "upper" to make the phrase read "three times the *upper* term otherwise provided as punishment . . . ." Absent a clear expression of legislative intent, we are not inclined to interpret section 667, subdivision (e)(2)(A)(i) as abrogating one of the basic rules of determinate sentencing by requiring the trial court to select the upper term for an offense even if the court does not believe the upper term is justified under the circumstances.

---

[6]In *People* v. *Ayon* (1996) 46 Cal.App.4th 385, 393, footnote 6 [53 Cal.Rptr.2d 853], the Court of Appeal assumed without discussion a trial court has discretion under section 667, subdivision (e)(2)(A)(i) to select the lower, middle or upper term. We also note that in doubling the term for a defendant with one previous serious or violent felony under section 667, subdivision (e)(1), the trial and appellate courts have always assumed the term to be doubled can be the lower, middle or upper term. (See, e.g., *People* v. *Ramirez* (1995) 33 Cal.App.4th 559, 574 [39 Cal.Rptr.2d 374].) Although subdivision (e)(1) and (e)(2)(A)(i) uses similar language, the possibility of different interpretations arises from the requirement that in sentencing a defendant with two or more previous serious or violent felonies the trial court must select "the greater of" the tripled term, twenty-five years or the term calculated under section 1170 plus enhancements.

[7]We asked the parties to submit supplemental letter briefs on this issue. Both the People and defendant agree the trial court has discretion to define the minimum term of the indeterminate sentence as the lower, middle or upper term for the offense. The People, however, contend the trial court exercised this discretion. We have concluded to the contrary. (See discussion, *post*, at p. 820.)

[8]For example, section 667, subdivision (c)(4) prohibits commitment under section 3050 et seq. Section 667, subdivision (f)(1) provides "Notwithstanding any other law, subdivisions (b) to (i), inclusive, shall be applied in every case in which a defendant has a prior felony conviction as defined in subdivision (d)."

For the reasons explained above, we hold the procedure for calculating the minimum term under option 1 is as follows: The trial court selects the upper, middle or lower term in accordance with section 1170, subdivision (b) just as it would if there were no three strikes law. The court then triples the selected term. If the resulting term is greater than the terms under options 2 and 3, the court imposes the resulting term as the minimum term of the indeterminate life sentence. If the resulting term is less than the terms under options 2 and 3 the court imposes whichever of these latter two options yields the greater minimum term.

Here, the trial court's failure to exercise its discretion when it selected the upper term in calculating option 1 requires the matter be remanded for resentencing. We cannot say how the court would have exercised its sentencing discretion had it been aware such discretion existed nor can we say selection of the middle term would have been an abuse of discretion as a matter of law.[9]

VII.    *Defendant's Remedy for Any Romero Error Is by Way of Petition for Writ of Habeas Corpus in the Trial Court.*

Where, as here, the record fails to disclose whether the trial court understood it had discretion to strike prior felony conviction allegations a remand on appeal is not required. The defendant instead must seek relief through a petition for writ of habeas corpus in the trial court. (*People* v. *Furhman, supra*, 16 Cal.4th 930, 945.)

### DISPOSITION

The judgment is affirmed as to the convictions and the matter is remanded to the trial court for resentencing consistent with the views expressed herein. The defendant shall be present at the hearing on resentencing.

Lillie, P. J., and Woods, J., concurred.

Appellant's petition for review by the Supreme Court was denied July 8, 1998.

---

[9]If the trial court, under option 1, selected the middle term of 21 years (7 years tripled) then it would have to select option 2, 25 years, as the minimum term of the indeterminate life sentence. This two-year reduction in defendant's sentence would not be an abuse of discretion per se.