92 Cal.Rptr.2d 220 (2000)
77 Cal.App.4th 1032
The PEOPLE, Plaintiff and Respondent,
v.
David Victor ZARAGOZA, Defendant and Appellant.
No. B128936.
Court of Appeal, Second District, Division Five.
January 27, 2000.
Rehearing Denied February 28, 2000.
Review Denied May 10, 2000.[**]
*221 Edward H. Schulman, Los Angeles, under appointment by the Court of Appeal, for Defendant and Appellant.
Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Carol Wendelin Pollack, Senior Assistant Attorney General, William T. Harter, Supervising Deputy Attorney General, and Herbert S. Tetef, Deputy Attorney General, for Plaintiff and Respondent.
Certified for Partial Publication.[*]
TURNER, P.J.

I. INTRODUCTION
Defendant, David Victor Zaragoza, appeals from his conviction for assault on a child under the age of eight causing death (Pen.Code,[1] § 273ab) and second degree murder. (§ 187, subd. (a).)

II. DISCUSSION

A.-B.[***]
Defendant has been convicted of both assault on a child under the age of eight causing death (§ 273ab) and second degree murder (§ 187) arising out of the same incident. The trial court stayed the sentence for second degree murder pursuant to section 654, subdivision (a).[2] The *222 deputy district attorney argued that defendant's award of presentence conduct credits should be limited to 15 percent pursuant to section 2933.1. The trial court calculated the amount of time served in custody prior to the imposition of sentence to be 333 days which included 111 days of conduct credits. In other words, the trial court concluded that defendant was entitled to two days of conduct credits for every four days spent in county jail awaiting sentencing as contemplated by section 4019. (See People v. Heard (1993) 18 Cal.App.4th 1025, 1028, 22 Cal.Rptr.2d 684; e.g., People v. Fabela (1993) 12 Cal. App.4th 1661, 1664, 16 Cal.Rptr.2d 447.) It is the position of the Attorney General that defendant should have received sentence conduct credits of 15 percent of the 222 days actually served in local custody prior to sentencing, or 33 days. The failure to properly calculate presentence conduct credits is a jurisdictional error which can be raised by the Attorney General in connection with a defendant's appeal. (People v. Scott, supra, 9 Cal.4th at p. 354, 36 Cal.Rptr.2d 627, 885 P.2d 1040; People v. Karaman (1992) 4 Cal.4th 335, 345-346, fn. 11, 349, fn. 15, 14 Cal.Rptr.2d 801, 842 P.2d 100.)
This is an issue of statutory interpretation and we apply the following principles for construing statutes articulated by the California Supreme Court: "When interpreting a statute our primary task is to determine the Legislature's intent. [Citation.] In doing so we turn first to the statutory language, since the words the Legislature chose are the best indicators of its intent." (Freedom Newspapers, Inc. v. Orange County Employees Retirement System (1993) 6 Cal.4th 821, 826, 25 Cal.Rptr.2d 148, 863 P.2d 218; People v. Jones (1993) 5 Cal.4th 1142, 1146, 22 Cal. Rptr.2d 753, 857 P.2d 1163.) Further, the California Supreme Court has noted: "`If the language is clear and unambiguous there is no need for construction, nor is it necessary to resort to indicia of the intent of the Legislature (in the case of a statute)....'" (Delaney v. Superior Court (1990) 50 Cal.3d 785, 798, 268 Cal.Rptr. 753, 789 P.2d 934; People v. Overstreet (1986) 42 Cal.3d 891, 895, 231 Cal.Rptr. 213, 726 P.2d 1288.) However, the literal meaning of a statute must be in accord with its purpose, the California Supreme Court noted in Lakin v. Watkins Associated Industries (1993) 6 Cal.4th 644, 658-659, 25 Cal.Rptr.2d 109, 863 P.2d 179 as follows: "We are not prohibited `from determining whether the literal meaning of a statute comports with its purpose or whether such a construction of one provision is consistent with other provisions of the statute. The meaning of a statute may not be determined from a single word or sentence; the words must be construed in context, and provisions relating to the same subject matter must be harmonized to the extent possible. [Citation.] Literal construction should not prevail if it is contrary to the legislative intent apparent in the [statute]....'" (Accord, People v. King (1993) 5 Cal.4th 59, 69, 19 Cal. Rptr.2d 233, 851 P.2d 27.) In Lungren v. Deukmejian (1988) 45 Cal.3d 727, 735, 248 Cal.Rptr. 115, 755 P.2d 299, our Supreme Court added: "The intent prevails over the letter, and the letter will, if possible, be so read as to conform to the spirit of the act. [Citations.] An interpretation that renders related provisions nugatory must be avoided [citation]; each sentence must be read not in isolation but in light of the statutory scheme [citation]...." (Accord, People v. King, supra, 5 Cal.4th at p. 69, 19 Cal.Rptr.2d 233, 851 P.2d 27.)
The express language of section 2933.1 requires that defendant receive only 15 percent presentence conduct credits. Section 2933.1 subdivisions (a) through (c) provides: "(a) Notwithstanding any other law, any person who is convicted of a felony offense listed in Section 667.5 shall accrue no more than 15 percent of work-time *223 credit, as defined in Section 2933.[¶] (b) The 15 percent limitation provided in subdivision (a) shall apply whether the defendant is sentenced under Chapter 4.5 (commencing with Section 1170) of Title 7 of Part 2 or sentenced under some other law. However, nothing in subdivision (a) shall affect the requirement of any statute that the defendant serve a specified period of time prior to minimum parole eligibility, nor shall any offender otherwise statutorily ineligible for credit be eligible for credit pursuant to this section. [¶] (c) Notwithstanding Section 4019 or any other provision of law, the maximum credit that may be earned against a period of confinement in, or commitment to, a county jail, industrial farm, or road camp, or a city jail, industrial farm, or road camp, following arrest and prior to placement in the custody of the Director of Corrections, shall not exceed 15 percent of the actual period of confinement for any person specified in subdivision (a)."
Section 2933.1, subdivision (c) is the provision of law that limits an award of presentence conduct credits. (See In re Carr (1998) 65 Cal.App.4th 1525, 1531, 77 Cal.Rptr.2d 500; People v. Keelen (1998) 62 Cal.App.4th 813, 817, 73 Cal.Rptr.2d 250.) Section 2933.1, subdivision (c) applies the 15 percent presentence conduct credit limitation to "every person described in subdivision (a)." Section 2933.1, subdivision (a) applies to "any person convicted of a felony offense listed in [s]ection 667.5...." Defendant has been convicted of second degree murder, an offense listed explicitly in section 667.5, subdivision (c)(1).[3] The express language of section 2933.1 limits his presentence conduct credits to 15 percent of the time actually served.[4]
However, defendant argues that because his sentence as to the second degree murder count has been stayed pursuant to section 654, subdivision (a), the section 2933.1, subdivision (c) 15 percent limitation on presentence conduct credits is inapplicable to him. Defendant reasons as follows: section 273ab is not listed in section 667.5; his murder sentence has been stayed pursuant to section 654, subdivision (a); and he is currently not subject to a sentence for an offense listed in section 667.5. Since he is not currently sentenced for any offense listed in section 667.5, defendant argues, he is not subject to the 15 percent limitation on presentence conduct credits codified in section 2933.1, subdivision (c). We, with respect, disagree. The express language of section 2933.1, subdivision (a) resolves defendant's argument. Section 2933.1, subdivision (a) applies to any person "convicted" of an offenses listed on section 667.5. Section 2933.1, subdivision (a) does not require that a sentence be in effect in order for the 15 percent limitation to apply; there must only be a conviction. There is no merit to the suggestion that *224 the section 654, subdivision (a) stay as to the murder count has any effect on the amount of presentence conduct credits that may be awarded in the present case.
Further, our analysis is fully consistent with legislatively promulgated documents which are indicative of the Legislature's intent. (See Sen. Amend, to Assem. Bill No. 2716 (1993-1994 Reg. Sess.) July 6, 1994, ["This bill would provide ... [that] any person convicted of a violent felony as defined, shall accrue no more than 15% of worktime credit, as defined."]; Office of Sen. Floor Analysis, 3d reading analysis of Assem. Bill No. 2716 (1993-1994 Reg. Sess.) July 6, 1994, ["This bill would provide that any person who is convicted of a violent felony, as defined, shall accrue no more than 15% of worktime credit, as defined."]; Assem. Floor Analysis, Sen. Amend, to Assem. Bill No. 2716 (1993-1994 Reg. Sess.) Aug. 24, 1994, p. 1 ["All determinatively sentenced inmates are eligible for these credits, except those convicted of specified violent offenses who have served two or more prison terms for specified violent offenses and inmates under institutional disciplinary action, [¶] This bill would limit worktime credits to 15% for any person convicted of a violent felony"].) The express language of section 2933.1 is hence fully consistent with legislative documents contemporaneously promulgated with its adoption in 1994. For these combined reason, we agree with the Attorney General that the amount of presentence conduct credits should be reduced to 33 days.

III. DISPOSITION
The judgment is modified to reflect that defendant is to receive 255 days of presentence credits, consisting of 222 days of actual credit and 33 days of conduct credit. As modified, the judgment is affirmed. The clerk of the superior court is directed to prepare an amended abstract of judgment and forward it to the Department of Corrections.
GRIGNON, J., and GODOY PEREZ, J., concur.
NOTES
[*] Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part II.A. and the heading of part II.B.
[**] In denying review, the Supreme Court ordered that the opinion be not officially published. (See California Rules of CourtRules 976 and 977).
[1] All further statutory references are to the Penal Code unless otherwise indicated.
[***] See footnote *, ante.
[2] Section 654, subdivision (a) provides in relevant part: "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision."
[3] Section 667.5, subdivision (c)(1) states in relevant part: "(c) For the purpose of this section, `violent felony' means any of the following: [1] (1) Murder...."
[4] The Attorney General correctly does not argue that defendant should receive no presentence conduct credits pursuant to section 2933.2. Section 2933.2, subdivisions (a) and (c) bars the award of any presentence conduct credits to a defendant convicted of murder. That statute is inapplicable to this case because the homicide in the present case was committed before the effective date of section 2933.2. Section 2933.2 was adopted as part of Statutes 1996, chapter 598 section 3, page 2716, No. 8 West's California Legislative Service, page 2716. New section 2933.2 was part Senate Bill No. 1231 which was adopted in the 1995-1996 Regular Session. Section 2933.2 became effective only if certain amendments to section 190 were adopted by the voters in the June 2, 1998, primary election as set forth in Proposition 222. (Stats. 1996, ch. 598, No. 8 West's Cal. Legis. Services, p. 2716; see Historical Note, 5IB West's Ann. Pen.Code., § 2933.2 (1999 supp.) p. 90.) The killing in the present case was committed on February 8, 1998. Hence, because the murder occurred prior to June 2, 1998, the date upon which proposition 222 was approved by the voters, section 2933.2 is inapplicable to the present case. (§ 2933.2, subd. (d).)