Filed 7/9/21

**CERTIFIED FOR PUBLICATION**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E074907 |
| v. | (Super.Ct.No. RIF091928) |
| THYRONE RYAN STEWART, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge.
Affirmed.

Marilee Marshall, under appointment by the Court of Appeal, for Defendant and
Appellant.

Rob Bonta and Xavier Becerra, Attorneys General, Matthew Rodriguez, Acting
Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland,
Senior Assistant Attorney General, and Eric A. Swenson and Allison V. Acosta, Deputy
Attorneys General, for Plaintiff and Respondent.

Thyrone Stewart is a veteran; he was honorably discharged from the Army in
1976.  He suffers from schizophrenia, which has been determined to be related to his

1

military service.  In 1986 and again in 1992, he was convicted of first degree burglary.  In 2001, after being convicted on two counts of spousal battery (among other things), he was sentenced, as a third-striker, to two consecutive terms of 25 years to life in prison.

In 2018, the Legislature amended section 1170.91[1] so as to allow a convicted veteran who suffers from a specified disorder as a result of his or her military service to petition for resentencing, so that that disorder may be considered as a mitigating factor when imposing a determinate term.

Petitioner filed a petition for resentencing under section 1170.91.  The trial court denied the petition because petitioner had been sentenced to indeterminate terms.

Petitioner contends that this was error because, if resentenced, there was a possibility that he could be sentenced to determinate terms.  Specifically, he argues that he could bring a motion under *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 to strike one or more of his strike priors (*Romero* motion).  We have also considered whether he would be entitled to be sentenced to determinate terms under Proposition 36.

We conclude that neither possibility was open to him.  The trial court therefore did not err by denying the petition.

I

STATEMENT OF THE CASE

A jury found petitioner guilty of two counts of spousal battery (§ 273.5, subd. (a)), one count of assault by means of force likely to cause great bodily injury (former § 245,

_____

[1]     This and all further statutory citations are to the Penal Code.

subd. (a)(1); see now § 245, subd. (a)(4)), and one count of simple battery (§ 242). (See *People v. Stewart* (2002, E028880) at p. *1 [nonpub. opn.].)

Petitioner admitted two strike prior convictions (§§ 667, subds. (b)-(j), 1170.12), two prior serious felony conviction enhancements (§ 667, subd. (a)), and one prior prison term enhancement (§ 667.5, subd. (b)).[2] (See *People v. Stewart, supra*, at pp. *1, *3, fn. 4.)

At sentencing in 2001, petitioner's *Romero* motion was denied. He was sentenced to a total of 51 years to life in prison, calculated as follows:

(1) Spousal batteries: Two terms of 25 years to life, to be served consecutively.

(2) Aggravated assault: Stayed pursuant to section 654.[3]

(3) Simple battery: One year in jail.

(4) Prior serious felony conviction enhancements: Two terms of five years, stayed.

(5) Prior prison term enhancement: One year, to be served consecutively. (See *People v. Stewart*, *supra*, at pp. *1, *2-*3.)

---

[2] Petitioner also admitted two prior serious felony conviction enhancements. (§ 667, subd. (a.).) However, he was not actually convicted of any serious felony, so these enhancements did not apply and were not imposed. (See *People v. Stewart, supra*, at pp. *1, *3.)

[3] The record is unclear as to what term the trial court imposed on this count before staying it. However, the only legally authorized term was 25 years to life. (§§ 667, subd. (e)(2)(A)(ii), 1170.12, subd. (c)(2)(A)(ii).)

In 2012, Proposition 36 was enacted. As we will discuss in more detail in part II, *post*, it amended the Three Strikes Law so as to lessen the punishment for third-strikers under certain circumstances. It also enacted section 1170.126, which allows a person sentenced under the pre-amendment version of the Three Strikes Law to petition for resentencing under the post-amendment version.

Petitioner duly filed a petition for resentencing under section 1170.126. The trial court denied the petition because it found that he fell within an exclusion to section 1170.126, in that"'[d]uring the commission of the current offense' he 'intended to cause great bodily injury to another person.'" (*People v. Stewart* (July 29, 2014, E058988) 2014 Cal. App. Unpub. LEXIS 5293, at *2.)

In 2019, he filed a petition for resentencing pursuant to section 1170.91. Counsel was appointed for him.

He submitted documentary proof that: (1) he had been honorably discharged from the Army after serving from 1974 through 1976; (2) he had later been determined to be disabled by schizophrenia related to his military service; and (3) the fact that he had schizophrenia as a result of his military service had not been considered as a mitigating factor when he was originally sentenced.

The People conceded that, but for the fact that petitioner had been sentenced to indeterminate terms, he had made a prima facie case that he was entitled to relief.

After hearing argument, the trial court denied the petition; it ruled that section 1170.91 did not apply because petitioner had been sentenced to indeterminate terms.

4

## II

## PETITIONER'S ELIGIBILITY FOR A DETERMINATE TERM

Section 1170.91 was enacted in 2014. The original statute (which is now subdivision (a)) allows a court, "when imposing a term under subdivision (b) of Section 1170," to consider the fact that the defendant "is, or was, a member of the United States military who may be suffering from sexual trauma, traumatic brain injury, post-traumatic stress disorder, substance abuse, or mental health problems as a result of his or her military service . . . as a factor in mitigation . . . ." (§ 1170.91, subd. (a); see also former § 1170.91, Stats. 2014, ch. 163, § 2, p. 2228.)

In 2018, subdivision (b) was added. It permits retrospective relief from a final judgment, under certain conditions. Specifically, it provides, as relevant here:

"A person currently serving a sentence for a felony conviction . . . who is, or was, a member of the United States military and who may be suffering from sexual trauma, traumatic brain injury, post-traumatic stress disorder, substance abuse, or mental health problems as a result of his or her military service may petition for a recall of sentence . . . to request resentencing pursuant to subdivision (a) if the person meets both of the following conditions:

"(A) The circumstance of suffering from sexual trauma, traumatic brain injury, post-traumatic stress disorder, substance abuse, or mental health problems as a result of the person's military service was not considered as a factor in mitigation at the time of sentencing.

5

"(B) The person was sentenced prior to January 1, 2015." (§ 1170.91, subd. (b).)

Significantly, subdivision (b) permits resentencing only "pursuant to subdivision (a)"; and subdivision (a) applies only "when imposing a term under subdivision (b) of Section 1170." Subdivision (b) of Section 1170 applies when a statute provides for a determinate upper, mid, and lower term; it provides that, in selecting the appropriate term, the trial court must consider factors in mitigation and aggravation, if any.[4]

The only reasonable interpretation of this language is that a petitioner is not eligible for relief under section 1170.91 unless he or she would be resentenced under section 1170, subdivision (b) — i.e., unless the potential penalty for at least one element of the sentence is a determinate triad. Consistent with this interpretation, *People v. Estrada* (2020) 58 Cal.App.5th 839 held that "section 1170.91 only applies to determinate terms imposed under section 1170, subdivision (b). [Citation.]" (*Id*. at p. 843.)

Here, when petitioner was originally sentenced, as a third-striker, the only possible penalty for each of his felony convictions was an indeterminate term of 25 years to life.

---

**4** In more detail, section 1170, subdivision (b) provides:

"When a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the choice of the appropriate term shall rest within the sound discretion of the court. . . . In determining the appropriate term, the court may consider the record in the case, the probation officer's report, other reports, including reports received pursuant to Section 1203.03, and statements in aggravation or mitigation submitted by the prosecution, the defendant, or the victim, or the family of the victim if the victim is deceased, and any further evidence introduced at the sentencing hearing. The court shall select the term which, in the court's discretion, best serves the interests of justice."

6

(Former § 667, subd. (e)(2)(A)(ii), Stats. 1994, ch. 12, § 1, p. 74; § 1170.12, subd. (c)(2)(A)(ii), Prop. 184, § 1.) And the only possible penalties for his prior conviction enhancements and his prior prison term enhancement — although determinate — were fixed terms of five years and one year, respectively. (§§ 667, subd. (a), 667.5, subd. (b).) Thus, there was no way the trial court could have sentenced him to a determinate triad term.

Section 1170.91, however, does not look to whether the petitioner was *originally sentenced* to a determinate triad term. It says "*when imposing* a term under subdivision (b) of Section 1170." (§ 1170.91, subd. (a), italics added.) Thus, it looks to whether the petitioner is eligible for *resentencing* to a determinate triad term. We have considered two arguments that petitioner could, at least potentially, be resentenced to a determinate term.

A. *The Possibility of a New Romero Motion.*

Petitioner contends that "[t]he court had the option of imposing a determinate sentence if the court . . . found factors in mitigation." He does not specify how. In the trial court, however, his counsel argued that, at resentencing, the trial court could grant a *Romero* motion, which would entitle petitioner to determinate sentencing.

We disagree. Section 1170.91 is not a vehicle for obtaining the opportunity to make a *Romero* motion. We repeat, it requires the trial court, if resentencing is granted, to consider the petitioner's military-related disorder "as a factor in mitigation *when imposing a term* under subdivision (b) of [s]ection 1170." (§ 1170.91, subd. (a), italics

7

added; see also *id.*, subd. (b)(1).)  It does not require the trial court to consider it when deciding *whether* to impose a term under section 1170, subdivision (b).  In other words, granting a *Romero* motion is not imposing a term.  The trial court must consider the military-related disorder as a mitigating factor only when making a choice from a triad.

At oral argument, petitioner asserted that resentencing would be equitable in his case and argued that the trial court should be allowed to do equity.  The courts, however, have no general equitable power to modify a final criminal judgment.  The power granted by section 1170.91 can be exercised only in accordance with section 1170.91.  "'While equitable relief is flexible and expanding, its power cannot be intruded in matters that are plain and fully covered by positive statute, nor will a court of equity lend its aid to accomplish by indirection what the law or its clearly defined policy forbids to be done directly.'  [Citation.]"  (*Pacific Scene, Inc. v. Penasquitos, Inc.* (1988) 46 Cal.3d 407, 414.)

B.     *The Possibility of Resentencing Under Proposition 36.*

We requested further briefing on whether petitioner could be sentenced to a determinate term under Proposition 36.

In 2012, the electorate adopted Proposition 36.  It substantially modified the Three Strikes Law.  As relevant here, it provides that a third-striker is subject to an indeterminate term of 25 years to life if and only if the current offense is a serious or violent felony.  (§§ 667, subds. (e)(2)(A)(ii), (e)(2)(C), 1170.12, subds. (c)(2)(A)(ii), (c)(2)(C).)  In other cases, unless disqualified (as discussed further below), a third-striker

8

is subject to the same penalty as a second-striker: double the term otherwise provided. (§§ 667, subds. (e)(1), (e)(2)(C), 1170.12, subd. (c)(1), (c)(2)(C).) Petitioner's current offenses are not serious or violent.

Proposition 36, however, specifies a number of factors that disqualify a third-striker from this more lenient sentencing. (§§ 667, subd. (e)(2)(C), 1170.12, subd. (c)(2)(C).) "[T]he prosecution" must "plead[] and prove[]" these disqualifying factors. (*Ibid.*) One is that "[d]uring the commission of the current offense, the defendant . . . intended to cause great bodily injury to another person." (§§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii).)

Proposition 36 also allows a person "presently serving" an indeterminate sentence under the old Three Strikes Law to petition for resentencing. (§ 1170.126.) The same factors that disqualify a third-striker from more lenient *sentencing* also disqualify a third-striker from more lenient *resentencing* (§ 1170.126, subd. (e)(2)), including that "[d]uring the commission of the current offense, the defendant . . . intended to cause great bodily injury to another person." (§§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii).)

But there is one significant difference: The prosecution need not have pleaded and proved the disqualifying factor at trial. Rather, it is sufficient that the trial court finds the disqualifying factor, beyond a reasonable doubt, when it rules on the petition. (*People v. Frierson* (2017) 4 Cal.5th 225, 234-240; *People v. Conley* (2016) 63 Cal.4th 646, 659-661; see also *People v. Osuna* (2014) 225 Cal.App.4th 1020, 1033-1038, disapproved on other grounds in *People v. Frierson*, *supra*, 4 Cal.5th at p. 240, fn. 8.) Here, the

9

prosecution did not plead or prove at trial that petitioner intended to cause great bodily injury (indeed, it had no reason to). In 2012, however, the trial court denied petitioner's petition under section 1170.126 because it found that he intended to cause great bodily injury.

Accordingly, the question of whether the trial court could resentence petitioner to a determinate term turns on whether he would be entitled to be resentenced pursuant to Proposition 36 or whether he would have to be resentenced under the Three Strikes Law as it stood before Proposition 36.

Preliminarily, the People argue that a second- or third-striker is sentenced under sections 667 and 1170.12, and therefore, by definition, is not sentenced under section 1170, subdivision (b). They stress the fact that the Three Strikes Law is "an alternative sentencing scheme." (*People v. Superior Court* (*Romero*), *supra*, 13 Cal.4th at p. 527.) This view, if accepted, would mean that *no* veteran who is subject to a doubled determinate term under the Three Strikes Law would *ever* be entitled to the benefits of section 1170.91.

We reject this view because "the Three Strikes law incorporates section 1170, . . . which gives the sentencing court discretion to select either the lower, middle, or upper term, depending on the presence or absence of various sentencing factors. [Citation.]" (*People v. Nguyen* (1999) 21 Cal.4th 197, 205-206.) The trial court must select the low, mid, or upper term before doubling it. To put it another way, the only way the trial court can ascertain "the term otherwise provided" (§§ 667, subds. (e)(1), 1170.12, subd. (c)(1))

is first to choose "the appropriate term," by considering all factors in aggravation and mitigation, pursuant to section 1170, subdivision (b). (See *People v. Keelen* (1998) 62 Cal.App.4th 813, 819 ["'[T]he term otherwise provided as punishment' . . . means the upper, middle or lower term as selected by the trial court in accordance with applicable sentencing rules"; "[w]e find nothing in the 'three strikes' statute which specifically preempts section 1170, subdivision (b)."]; *People v. Thomas* (1997) 56 Cal.App.4th 396, 402 ["The 'term otherwise provided as punishment' clearly means the term of punishment for the current felony offense, i.e., the determinate term whether that is the lower, middle or upper term as provided by law.'"].) Thus, when the trial court imposes a doubled determinate term, it is "imposing a term under subdivision (b) of Section 1170."

The People hypothesize that "the Legislature could rationally have chosen not to extend the benefits of section 1170.91 to those defendants who had committed a prior serious or violent felony . . . ." We have examined the legislative history, however, and it shows no such intent. As far as we have found, it does not even mention the Three Strikes Law. It shows an intent that the statute apply whenever, on resentencing, the trial court would exercise its discretion to select the low, mid, or upper term. (E.g., Sen. Floor Analysis, Assem. Bill No. 865 (2017-2018 Reg. Sess.) Jan. 3, 2018.)

We return, then, to the main question of whether petitioner, if resentenced, could be sentenced to a determinate term pursuant to Proposition 36.

11

*People v. Conley*, *supra*, 63 Cal.4th 646 held that "third strike defendants who were sentenced under the Three Strikes law before November 7, 2012, but whose judgments were not yet final as of that date, . . . are not entitled to automatic resentencing, but instead may seek resentencing by petitioning for recall of sentence under section 1170.126." (*Id.* at p. 652.)

*Conley* explained that, under *In re Estrada* (1965) 63 Cal.2d 740, when a statutory amendment ameliorates punishment, there is ordinarily a presumption — "in the absence of any textual indication of the Legislature's intent" — that the Legislature intended it to apply in all cases not yet final on appeal. (*People v. Conley*, *supra*, 63 Cal.4th at p. 656.) However, section 1170.126 rebuts that presumption. (*People v. Conley*, *supra*, 63 Cal.4th at pp. 656-659.) "Section 1170.126 creates a special mechanism that entitles all persons 'presently serving' indeterminate life terms imposed under the prior law to seek resentencing under the new law. By its terms, the provision draws no distinction between persons serving final sentences and those serving nonfinal sentences, entitling both categories of prisoners to petition courts for recall of sentence under the Act." (*People v. Conley*, *supra*, 63 Cal.4th at p. 657.)

Technically, *Conley*'s holding applies only to a defendant whose judgment was not final as of November 7, 2012. Nevertheless, its reasoning applies to petitioner. He is "presently serving" an indeterminate term under the unamended Three Strikes Law. (§ 1170.126, subds. (a), (b).) Thus, his only route to relief would be to file a petition under section 1170.126 (which he has already done unsuccessfully).

12

We may assume that, if petitioner were granted relief under section 1170.91, that would mean that the judgment against him is no longer final.  (Compare *People v. Padilla* (2020) 50 Cal.App.5th 244, 251-256 [resentencing after grant of habeas petition reopens finality of sentence so as to entitle defendant to benefits of ameliorative legislation], review granted Aug. 26, 2020, S263375, with *People v. Federico* (2020) 50 Cal.App.5th 318, 325-328 [resentencing under section 1170, subdivision (d) does not reopen finality of sentence so as to entitle defendant to benefits of ameliorative legislation], review granted Aug. 26, 2020, S263082.)  Even if so, however, under *Conley*, the Legislature intended that a person "presently serving" an indeterminate term under the unamended Three Strikes Law — even under a judgment that is not final — should not be entitled to any of the benefits of Proposition 36, other than the right to petition for resentencing under section 1170.126.

In sum, we conclude that section 1170.91 does not override section 1170.126.  Hence, even though petitioner is otherwise eligible for relief under section 1170.91, he could not be sentenced to a determinate term under Proposition 36.  It follows that he is not eligible for relief under section 1170.91 at all.

13

## III

## DISPOSITION

The order appealed from is affirmed.

CERTIFIED FOR PUBLICATION

RAMIREZ _____

P. J.

We concur:

MILLER _____

J.

SLOUGH _____

J.