Filed 8/11/22  P. v. Walsh CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H049553 |
| Plaintiff and Respondent, | (Santa Cruz County Super. Ct. No. 19CR05767) |
| v. | |
| RICHARD EDMUND WALSH, | |
| Defendant and Appellant. | |

Appellant Richard Edmund Walsh pleaded no contest to first degree residential burglary and grand theft of personal property and was sentenced to a term of 12 years in prison.  His appointed counsel filed a brief that states the case and the facts but raises no arguable issues, citing *People v. Wende* (1979) 25 Cal.3d 436.  We notified Walsh of his right to submit written argument on his own behalf, and he has not done so.  After conducting an independent review of the record, we requested the parties file supplemental briefs addressing whether Walsh is entitled to resentencing due to recent amendments made to Penal Code section 1170 by Senate Bill No. 567 (2021-2022 Reg. Sess.).[1]  Both parties have filed supplemental briefs agreeing that remand for resentencing is necessary.  We reverse the judgment and remand the matter for resentencing.

---

[1] Unspecified statutory references are to the Penal Code.

# I.    BACKGROUND

On September 17, 2019, Walsh entered the victim's home when nobody was present and took an iPhone, laptop, and several watches.[2]

On December 13, 2019, the prosecution charged Walsh with first degree residential burglary (Pen. Code, § 459)[3] and grand theft of personal property (§ 487, subd. (a)).[4]  The information alleged that the burglary was a serious and violent felony within the meaning of sections 1192.7, subdivision (c) and 667.5, subdivision (c).  The information further alleged that Walsh had served nine prior prison terms (§ 667.5, subd. (b)) and had four prior strike convictions (§ 667, subd. (b)-(i)).[5]

At the plea hearing on July 7, 2021, the trial court noted that the prosecutor had made Walsh an offer of 12 years in prison in exchange for pleas as to both counts and the admission of the prior strikes, with the understanding that Walsh would bring a *Romero* motion.[6]  The parties also agreed that the information should be amended to reflect that the burglary was a serious felony only and not a violent felony.  The trial court indicated a sentence of 12 years, stating that "[t]here's an opening, a possibility for less."  Walsh thereafter pleaded guilty to both counts and admitted the four prior strike convictions.

---

[2] As Walsh pleaded no contest to the offenses, we derive our factual summary from the probation officer's report, which was derived from a summary from the Santa Cruz County Sherriff's Department.

[3] Unspecified statutory references are to the Penal Code.

[4] At the preliminary hearing, the parties stipulated that there was no person present when Walsh committed the burglary.

[5] Walsh's four prior strikes included a 1974 conviction for first degree burglary (§ 459), a 1977 conviction for first degree burglary (§ 459), a 1995 conviction for manslaughter (§ 192), and a 2011 conviction for first degree burglary (§ 459).

[6] *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*).

The trial court dismissed the prior prison term enhancements. The parties stipulated to the preliminary hearing transcript as the factual basis for the plea.

Walsh filed a *Romero* motion asking that the trial court exercise its discretion under section 1385 to dismiss his prior strike convictions. According to his motion, Walsh had a troubled youth: he was molested and raped at a boarding school; he was eventually moved into a foster home after he ran away from his mother's home multiple times; and he started using drugs when he was 12 years old. The prosecutor opposed the *Romero* motion, arguing that Walsh had an extensive criminal history, including criminal convictions other than his four prior strikes, which demonstrated his propensity to reoffend.

On September 22, 2021, the trial court granted Walsh's *Romero* motion in part and dismissed three of his prior strike convictions. When dismissing the prior strikes, the trial court noted that Walsh had been "victimized as a child," and "stuff [had] happened [to Walsh] that never should have happened, that set [Walsh] on this path." The trial court also observed that Walsh had been "traumatized." The trial court thereafter sentenced Walsh to a term of 12 years in prison, which consisted of an upper term of six years for the burglary, doubled due to the prior strike, and a concurrent term of two years for grand theft of personal property. The trial court specified that it had selected the upper term "[b]ased on [Walsh's] criminal history [and] the amount of theft in the case."

## II.    DISCUSSION

In a supplemental brief, Walsh argues that he is entitled to remand for resentencing in light of Senate Bill No. 567, which amended section 1170. The Attorney General agrees that Senate Bill No. 567 applies to Walsh's case as his judgment is not yet final. We agree with the parties that remand is required.

Effective January 1, 2022, Senate Bill No. 567 amended section 1170 to make the middle term the presumptive sentence. (§ 1170, subd. (b)(1).) Section 1170, subdivision (b)(2) now states: "The court may impose a sentence exceeding the middle

term only when there are circumstances in aggravation of the crime that justify the imposition of a term exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at a trial by the jury or by the judge in a court trial. Except where evidence supporting an aggravating circumstance is admissible to prove or defend against the charged offense or enhancement at trial, or it is otherwise authorized by law, upon request of a defendant, trial on the circumstances in aggravation alleged in the indictment or information shall be bifurcated from the trial of charges and enhancements. The jury shall not be informed of the bifurcated allegations until there has been a conviction of a felony offense." Section 1170, subdivision (b)(3), however, provides that "the court may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury."

Senate Bill No. 567 also amended section 1170 to require that trial courts impose the lower of the three possible terms (upper, middle, or lower) if one or more specified circumstances was a contributing factor in the commission of the current offense, "unless the court finds that the aggravating circumstances outweigh the mitigating circumstances [such] that imposition of the lower term would be contrary to the interest of justice." (§ 1170, subd. (b)(6).)[7] The specified circumstances include whether a defendant "has experienced psychological, physical, or childhood trauma, including, but not limited to, abuse, neglect, exploitation, or sexual violence." (§ 1170, subd. (b)(6)(A).)

Here, the trial court sentenced Walsh to a term of 12 years in prison, which was composed of an upper term of six years for burglary that was doubled under the "Three

___

[7] This amendment was initially proposed by Assembly Bill No. 124 (Stats. 2021, ch. 695, § 5.) Senate Bill No. 567 was enacted last and takes precedence over Assembly Bill No. 124. (*In re Thierry S.* (1977) 19 Cal.3d 727, 738.) Senate Bill No. 567 incorporated the amendments to section 1170 that were proposed by Assembly Bill No. 124.

Strikes" law. (§§ 461, 667, subd. (e)(1); 1170.12, subd. (c)(1).) When selecting the appropriate term under the "Three Strikes" law in this fashion, "[t]he trial court selects the upper, middle, or lower term in accordance with section 1170, subdivision (b) just as it would if there were no three strikes law. The court then triples the selected term." (*People v. Keelen* (1998) 62 Cal.App.4th 813, 820.) Thus, when the trial court selected a doubled upper term in this case, it was choosing between a lower, middle, and upper term as described under section 1170, subdivision (b).

Accordingly, as Walsh's case was not yet final when the amendments to section 1170 that were effectuated by Senate Bill No. 567 took effect, we agree with the parties that he is entitled to retroactive application of the amended statute because it is an ameliorative change in the law and there is nothing to indicate that the Legislature intended the change to apply prospectively. (*People v. Flores* (2022) 73 Cal.App.5th 1032, 1039; *In re Estrada* (1965) 63 Cal.2d 740.)

Walsh argues and the Attorney General concedes that remand is required so that the trial court can consider under section 1170, subdivision (b)(6), whether Walsh's childhood trauma contributed to his current offense. We agree with the parties that remand is required, as the trial court made note of Walsh's childhood trauma during the sentencing hearing and indicated that Walsh's childhood may have furthered his criminality. On remand, the trial court should consider whether Walsh's childhood trauma required imposition of the lower term. (§ 1170, subd. (b)(6).)

We further conclude that remand is also required so that the trial court may consider whether to impose the upper, lower, or middle term as prescribed under section 1170, subdivision (b)(2). When imposing the upper term, the trial court specifically stated that it had considered Walsh's criminal history. The trial court was permitted to consider Walsh's prior strike convictions, which he admitted, but it is unclear whether the trial court also considered criminal convictions that were neither supported by certified records of conviction nor stipulated to by Walsh. (§ 1170,

subd. (b)(2) & (b)(3).)  For example, the prosecutor's opposition to Walsh's *Romero* motion described Walsh's criminal history and stated that Walsh had also previously been convicted in 1982 of possession of stolen property and was convicted in 1998 of burglary and theft.  The record on appeal does not include certified records of these other criminal convictions or any indication that Walsh stipulated to them.

Moreover, as to the trial court's reliance on the value of property stolen in the instant case, the preliminary hearing transcript, which formed the factual basis of Walsh's plea, suggested that Walsh's theft involved at least $8,300 worth of items ($7,900 for the watches and $400 for the laptop).  But " '[n]o evidence suggests that in his plea [Walsh] was asked to, or did, admit any particular facts stated in the preliminary hearing [transcript] . . . , other than those facts necessary to the . . . charge itself.' " (*People v. Thoma* (2007) 150 Cal.App.4th 1096, 1104.)

Thus, although the trial court may have relied in part on permissible factors when it imposed the upper term, "the records do not clearly indicate that [the trial court] would have imposed the same sentence had [it] been aware of the full scope of [its new] discretion." (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391; *People v. Lopez* (2022) 78 Cal.App.5th 459, 468 [remand for resentencing required under Senate Bill No. 567 when trial court relied on both permissible and impermissible factors in selecting upper term].)  Accordingly, reversal is also required so that the trial court may resentence Walsh under the amended version of section 1170, subdivision (b)(2).

## III.    DISPOSITION

The judgment is reversed and remanded for resentencing under Penal Code section 1170, subdivision (b), as amended by Senate Bill No. 567.

_____

                    LIE, J.


WE CONCUR:



_____

GREENWOOD, P.J.




_____

GROVER, J.




*People v. Walsh*
H049553