Filed 12/23/25  P. v. Lopez CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>MARTIN RAYMOND LOPEZ,<br><br>  Defendant and Appellant. | F089230<br><br>(Super. Ct. No.  BF196683A)<br><br>**OPINION** |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Brian M. McNamara, Judge.

Douglas C. Foster, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Kimberley A. Donohue, Assistant Attorney General, David A. Lowe and Clifford E. Zall, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Peña, Acting P. J., Snauffer, J. and Harrell, J.

Defendant Martin Raymond Lopez was convicted by a jury of felony stalking and two misdemeanors. In a bifurcated proceeding, the trial court found true four aggravating circumstance allegations as well as a prior strike allegation. He was sentenced to the upper term of five years on the stalking conviction, doubled to 10 years because of the prior strike.

On appeal, Lopez asserts the trial court erred by not obtaining his personal waiver of his right to a jury trial on the aggravating circumstance allegations and the prior strike allegation. The People concede, and we agree. However, the error was prejudicial only as to the aggravating circumstances, not as to the prior strike.

The matter is remanded to allow Lopez to exercise his right to a jury trial on the aggravating circumstances, and for resentencing.

## STATEMENT OF THE CASE

Lopez was charged in an information with one felony count of stalking with a prior stalking conviction, a violation of Penal Code[1] section 646.9, subdivision (c)(2). The information further alleged Lopez had suffered a prior strike conviction within the meaning of the Three Strikes law (§§ 1170.12, subds. (a)–(d), 667, subds. (b)–(i)). The prior strike conviction was a violation of section 422, which he suffered on July 11, 2011. The information also alleged that the aggravating factors set forth in California Rules of Court,[2] rule 4.421(b)(1)–(b)(5), applied. Additionally, the information charged Lopez with a misdemeanor count of resisting arrest (§ 148, subd. (a)(1)).

At trial, but before evidence presentation began, the People moved to amend the information by interlineation to clarify that the stalking charge involved a course of conduct occurring between September 26, 2023, and October 22, 2023, and that they intended to present evidence of four specific incidents that took place in that span. The

---

[1] Undesignated statutory references are to the Penal Code.

[2] References to rules are to the California Rules of Court.

2.

trial court granted the amendment. The People also gave notice that they would likely seek to add a misdemeanor count of violating a protective order (§ 273.6) after the complaining witness testified. The People later moved to amend the information to add that count, which the trial court granted.

The jury returned guilty verdicts on all three counts. In connection with count 1, the jury found true that Lopez was previously convicted of felony stalking.

After the jury was discharged, the trial court noted that Lopez had waived jury trial on the prior strike and aggravating circumstance allegations. Defense counsel stated to that, "We did request the court trial on that." The court followed, "We talked to the defendant on that and after discussion with yourself, we put that on the record." The court then continued the matter to the following day for a court trial on the strike prior and aggravating factors. However, the record does not reflect that Lopez had ever waived jury trial on either the prior strike or aggravating factors.

After a bench trial, the trial court found true beyond a reasonable doubt the prior strike allegation as well as the aggravating factor that Lopez had engaged in violent conduct that indicates a serious a danger to society under rule 4.421(b)(1). The court reserved its ruling on the remaining factors in aggravation pending preparation of the probation report.

After a further hearing on the aggravating factors, the trial court found the following aggravating factors true beyond a reasonable doubt: that Lopez's prior convictions were numerous or of increasing seriousness (rule 4.421(b)(2)), that Lopez was on probation or other form of supervision when he committed the crime (rule 4.421(b)(4)), and that Lopez's prior performance on supervision was unsatisfactory (rule 4.21(b)(5)). The court found the aggravating factor allegation that Lopez had served a prior term in prison or county jail (rule 4.421(b)(3)) had not been proven.

At sentencing, the trial court imposed the upper term of five years on the stalking count, doubled to ten years because of the strike prior, and imposed a 180-day concurrent term on each of the misdemeanor counts.

**FACTS**

The prosecution's stalking case rested on four brief incidents between September 26 and October 22, 2023,[3] involving alleged violations of a domestic violence restraining order (DVRO).

On September 26, Kern County Deputy Sheriff Jessika Zavala responded to the home of a confidential witness (CW) regarding a reported DVRO violation. CW, who appeared stressed and had a fresh scratch, reported that Lopez came to her home asking for money despite an active DVRO, shoved her, and punched her jaw. She also said he briefly entered the house, became upset, grabbed a knife, and left with money and cigarettes. Body-camera video footage and a transcript were admitted.

On September 30, CW's car window was broken. The next day, she told a Bakersfield Police Department officer that she believed Lopez was responsible based on their recent arguments and text messages, though no surveillance footage existed. That same morning, CW separately told Deputy Zavala that Lopez came to her house and took tools, and she described earlier knife-related conduct. The deputy photographed the knife and wall damage. CW also said she had altered her routine because of Lopez's behavior.

On October 16, CW reported that Lopez again came to her home, knocked on doors, checked locks, looked through windows, and threatened property damage. Deputy Zavala saw Lopez the next morning, but he ignored her commands to stop, after which she contacted CW to document the report.

On October 22, deputies responded to another DVRO-violation call, located Lopez hiding under a house, and after a 30- to 40-minute stand-off involving repeated

---

[3] Subsequent references to dates are to dates in 2023 unless otherwise stated.

commands and the use of chemical irritant, rubber bullets, and a canine, they arrested him.

## DISCUSSION

### I.      Failure to obtain express waiver of jury trial on aggravating circumstance allegations

Lopez contends the trial court erred by not obtaining Lopez's personal waiver of his right to a jury trial on the aggravating circumstance allegations.  The People concede the error, and they explain that the error was prejudicial with respect to the finding on the factor that Lopez's prior performance on probation was unsatisfactory (rule 4.421(b)(5)).  We agree with the People.

#### A.      Further background

At the court trial on the aggravating circumstance allegations, the People submitted six certified records as evidence:  Lopez's DMV photo; his RAP sheet; a printout of the docket showing his July 11, 2011, prior strike conviction for violating section 422; the complaint associated with that prior; the waiver of rights and plea form; and the probation terms related to that conviction.  The court found true the allegation that Lopez had engaged in violent conduct that indicates a serious danger to society (rule 4.421(b)(1)) and reserved ruling on the four other alleged aggravating circumstances pending preparation of the probation report.

At the continued hearing, the court found true three other aggravating circumstances, including that Lopez's prior performance on probation was unsatisfactory (rule 4.421(b)(5)).  The court stated its finding on this factor was based on the probation report and the evidence submitted by the People.  The report stated that Lopez's prior performance on two misdemeanor grants of probation was satisfactory, while his prior performance on another misdemeanor grant of probation and a felony grant of probation was unsatisfactory.  The report listed the two satisfactory probation performances as a mitigating circumstance and the two failures of probation as an aggravating circumstance.

### B.    Law and analysis

Most California felonies, including stalking with a prior stalking conviction, "carry a 'determinate' prison sentence consisting of one of three possible terms, designated the lower, middle, and upper terms." (*People v. Nguyen* (1999) 21 Cal.4th 197, 201; § 646.9, subd. (c)(2).) The middle term is presumed to be the appropriate punishment unless there are circumstances in mitigation or aggravation of the crime. (§ 1170, subds. (a)(1), (b)(1).) Rule 4.421 provides a list of aggravating circumstances. The existence of an aggravating circumstance must be "stipulated to by the defendant" or determined "beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1170, subd. (b)(2).)

There is a constitutional right to a jury trial on "all aggravating facts, other than a prior conviction, relied upon to justify an upper term sentence." (*People v. Wiley* (2025) 17 Cal.5th 1069, 1078 (*Wiley*).) A waiver of this right must be personally expressed by the defendant in open court. (Cal. Const., art. I, § 16.) The waiver must be explicit " 'and will not be implied from a defendant's conduct.' " (*People v. Sivongxxay* (2017) 3 Cal.5th 151, 166.) Therefore, "a '[d]efendant's failure to object also would not preclude his asserting on appeal that he was denied his constitutional right to a jury trial.' " (*People v. French* (2008) 43 Cal.4th 36, 46 (*French*).)

The record does not show that Lopez himself requested a bifurcated trial on allegations of aggravating circumstances, nor did he expressly waive his right to a jury trial on those issues. The People appropriately concede his rights were violated when the issues were adjudicated in a bench trial. "When the constitutional right to jury trial is involved, … an express waiver [is required] even in cases in which the circumstances make it apparent that all involved—the trial court, the prosecutor, defense counsel, and the defendant—assumed that the defendant had waived or intended to waive the right to a jury trial." (*French, supra,* 43 Cal.4th at p. 47.)

Turning to prejudice, Lopez incorrectly contends the error is structural.  As held in *Washington v. Recuenco* (2006) 548 U.S. 212, "Failure to submit a sentencing factor to the jury, like failure to submit an element to the jury, is not structural error."  (*Id.* at p. 222; accord *French, supra,* 43 Cal.4th at p. 52, fn. 8.)  "When a defendant is deprived of a jury trial on aggravating facts used to justify imposition of an upper term sentence, the reviewing court must apply the *Chapman*[4] standard of review."  (*Wiley, supra,* 17 Cal.5th at p. 1087.)  "Under that standard, '[reversal and remand are required] unless the reviewing court concludes beyond a reasonable doubt that a jury, applying that same standard, would have found true *all* of the aggravating facts upon which the court relied to conclude the upper term was justified[.]' "  (*Ibid.*, italics added.)  "Lack of a jury trial is not harmless under *Chapman* if 'the record contains evidence that could rationally lead to a contrary finding' with respect to the aggravating fact at issue."  (*Ibid.*)

We accept the People's concession that a rational jury could have reached a different conclusion with respect to Lopez's prior performance on probation.  The probation report noted that Lopez had satisfactorily completed two prior grants of probation, although he failed on two other grants.  The report listed Lopez's past successes on probation as a mitigating factor and his failures as an aggravating factor. This mixed view of performance on probation is what leads us to conclude that a rational jury could have disagreed with the trial court's finding that Lopez's prior performance on probation was unsatisfactory.  Therefore, the error here with respect to this allegation was prejudicial under *Chapman*.

We need not evaluate prejudice based on any of the other aggravating factors on which the trial court improperly relied.  One is enough under the *Chapman* standard, and we are required to remand the matter for resentencing.

---

**4** *Chapman v. California* (1967) 386 U.S. 18.

**II.      Failure to obtain express waiver of jury trial on prior strike allegation**

Lopez also contends the trial court erred by not obtaining his express waiver of his right to a jury trial on the prior strike allegation. He presents this argument in combination with his first claim, but the issues are distinct. His claim fails for lack of prejudice.

The right to have the jury decide the truth of a prior conviction allegation stems from section 1025, subdivision (b), not from the jury trial provision of article I, section 16 of the California Constitution or the Sixth Amendment of the United States Constitution. (*People v. Vera* (1997) 15 Cal.4th 269, 277.) Thus, a defendant may forfeit a claim that his right to a jury trial on a prior conviction allegation was improperly denied or improperly waived. (*Id.* at p. 278 ["[T]he deprivation of the statutory right to jury trial on the prior prison term allegations does not implicate the state or federal constitutional right to jury trial. Absent an objection to the discharge of the jury or commencement of court trial, defendant is precluded from asserting on appeal a claim of ineffective waiver of the right to jury trial of prior prison term allegations"]; *People v. Grimes* (2016) 1 Cal.5th 698, 737–738 [defendant forfeited a claim of involuntary waiver of jury trial on prior conviction allegations based on failure to object in the trial court].) Here, by failing to object, Lopez forfeited any claim that the trial court improperly denied him his right to a jury trial by failing to take his express waiver of that right.

But even assuming an error with respect to Lopez's right to a jury trial on the prior strike allegation, the error is subject to the harmless error analysis under the *Watson*[5] standard. (*People v. Epps* (2001) 25 Cal.4th 19, 29.) The question under this standard is whether it is reasonably probable that a different result would have obtained had the prior strike allegation been tried before a jury. There is no such probability here. To prove the prior strike conviction, the People produced as evidence Lopez's certified RAP sheet, a

---

[5] *People v. Watson* (1956) 46 Cal.2d 818.

certified printout of the docket showing his conviction for that offense, the complaint associated with that prior, the waiver of rights and plea form, and the probation terms related to that conviction. For his part, Lopez never claimed he did not commit the offense, and he presented no evidence regarding this allegation. There is no reasonable probability the jury would have failed to find the allegation true under the evidence presented. Accordingly, we reject Lopez's claim that the trial court's true finding on the prior strike allegation must be vacated.

## DISPOSITION

The sentence is vacated, and the matter is remanded for litigation of the aggravating circumstance allegations. Lopez is not entitled to a new trial on the prior strike allegation. At the conclusion of any litigation of the aggravating circumstance allegations, Lopez shall be fully resentenced. In all other respects, the judgment is affirmed.